UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:09-CV-000121-TBR

TERRY POWELL et al.                                                      PLAINTIFFS

v.

JIMMY TOSH et al.                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. §1332

(d)(4)(A) or, in the Alternative, Pursuant to §1332(d)(3) (Docket #15).  Defendants, Jimmy Tosh;

Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; and Tosh

Pork, LLC, have filed a response (Docket #19).  Defendants, Eric Howell, Ron Davis and Heather

Howell Davis, have filed a response (Docket #20).  Defendant, Bacon by Gosh, Inc., has filed a

response (Docket #21).  Plaintiffs have filed a reply (Docket #26).  This matter is now ripe for

adjudication.  For the reasons that follow, Plaintiffs' Motion to Remand is DENIED.

## BACKGROUND

On May 29, 2009, twenty-eight  residents and property owners in Marshall County,

Kentucky, filed suit against nine defendants in Marshall County Circuit Court.   Defendants Eric

Howell, Ron Davis and Heather Howell Davis are Marshall County residents and property owners.

These individuals have constructed swine barns on their Marshall County property.  All named

plaintiffs are within a one mile radius of these swine barns.  The Plaintiffs allege that these barns

are a nuisance and have caused injury to these plaintiffs. These three Defendants, the Plaintiffs

allege, will from time to time pump the liquid swine waste accumulated in the "deep pit" under the

swine barns to be land applied on row crop land owned by, or available to, these Defendants.  This

action, according to the Complaint, has and will constitute an additional reoccurring nuisance and further injury to these Plaintiffs.  The Plaintiffs further allege that these Defendants have built, are currently building, or intend to build swine waste handling facilities according to the instructions of Tosh Farms and pursuant to a contract with Tosh Farms.  This construction will include construction of a "Tosh Hog Barn" which the Plaintiffs claim is a defective product.

While each plaintiff alleges they suffer from "recurring intolerable noxious odors emanating from the Defendants' swine waste facilities constituting a nuisance and decreasing the value of [their] residence and real property," some plaintiffs allege other injuries.  Plaintiff Rhonda Free alleges personal injuries from the noxious odors including severe nausea, vomiting, respiratory problems, and water contamination. Plaintiffs Tommy and Bridget Powell also allege extreme stress and anxiety as a result of exposure to the noxious odors.

Tosh Farms, LLC, has also been named a defendant as the owner of the swine in the Eric Howell, Ron Davis and Heather Howell Davis swine barns.  The Plaintiffs also named several other related entities: Shiloh Hills, LLC; Pig Palace, LLC; Bacon by Gosh, Inc.; and Tosh Pork, LLC. Jimmy Tosh and his family own a group of affiliated companies engaged in commercial swine farming in both Kentucky and Tennessee.  Each of these companies engage in particular aspects of the swine farming industry.  For example, Bacon by Gosh, Inc., is engaged in the transportation of swine; Shiloh Hills, LLC, makes pre-cast concrete components for the use in farming; and Pig Palace, LLC, is engaged in the construction of barns used in swine farming.  Tosh Farms, LLC, and Tosh Farms General Partnership ("Tosh Farms")  coordinate the activities of the Tosh group of companies and actually own swine.  At any given time these two entities own nearly half a million swine at various stages of development.  These entities contract with growers in Tennessee and

Kentucky to raise these swine from juveniles to market-ready adults.

Several years ago, Tosh Farms sought to expand its business in Western Kentucky and began seeking additional growers. There has been opposition to this expansion including the filing of formal complaints with Kentucky state agencies. Additionally, there was a Assurance of Voluntary Compliance ("AVC") that arose out of an action filed against several companies owned by the Tosh family by the Kentucky Attorney General. This AVC was related to Tosh Farms' business practices in soliciting contracts with growers to raise swine.

On June 26, 2009, Defendants Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; Tosh Pork LLC; and Bacon by Gosh, Inc., filed Notice of Removal in the Western District Court of Kentucky.

The Plaintiffs' claims are: Temporary nuisance (Count I); Permanent Nuisance (Count II); Trespass (Count III); Negligence (Count IV); Negligence Per Se (Count V); Product Liability (Count VI); Punitive Damages (Count VII); Civil Conspiracy (Count VIII); Negligent Encouragement (Count IX); and Class Action (Count VIII, numbered in error).

**STANDARD**

The Class Action Fairness Act ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which– any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). The defendant must also show the Plaintiffs' proposed class would exceed 100 individuals. 28 U.S.C. §1332(d)(5)(B). The defendant seeking removal bears the burden of establishing federal jurisdiction. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3rd Cir. 2009). A court should

determine federal jurisdiction at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). However, in the case of exceptions to CAFA, "legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Indst., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (citing S.Rep. No. 109-14 at 42). The Court in *Evans* explains that the purpose of each of the criteria found in the exceptions "is to identify a truly local controversy–a controversy that uniquely affects a particular locality to the exclusion of others." *Id.* at 1164. However, the emphasis of the Court in *Evans* rests on "the language and structure of CAFA [which] itself indicates that Congress contemplated broad federal court jurisdiction . . . with only narrow exceptions." *Id.* (citations ommitted).

There are several exceptions to CAFA set out in 28 U.S.C. §1332(d); however, only two are at issue in this case: the "local controversy" exception and the discretionary exception. The plaintiff seeking to remand bears the burden of proof. *Frazier v. Pioneer Americas, LLC*, 455 F.3d 542, 546 (5th Cir. 2006). The plaintiff must establish all elements of the exception by a preponderance of the evidence. *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp.2d 506, 514 (E.D.Pa. 2007). The local controversy exception, applies when

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant--
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and
(III) principal injuries resulting from the alleged conduct or any related conduct of
each defendant were incurred in the State in which the action was originally filed.

28 U.S.C. §1332(d)(4)(A).  Additionally, it must be shown that "during the 3-year period preceding

the filing of that class action, no other class action has been filed asserting the same or similar

factual allegations against any of the defendant on behalf of the same or other persons." 28 U.S.C.

§1332(d)(4)(A)(ii).

Following the discretionary exception a district court may decline jurisdiction

over a class action in which greater than one-third but less than two-thirds of the
members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration
of--

(A) whether the claims asserted involve matters of national or interstate interest;
(B) whether the claims asserted will be governed by laws of the State in which the
action was originally filed or by the laws of other States;
(C) whether the class action has been pleaded in a manner that seeks to avoid Federal
jurisdiction;
(D) whether the action was brought in a forum with a distinct nexus with the class
members, the alleged harm, or the defendants;
(E) whether the number of citizens of the State in which the action was originally
filed in all proposed plaintiff classes in the aggregate is substantially larger than the
number of citizens from any other State, and the citizenship of the other members of
the proposed class is dispersed among a substantial number of States; and
(F) whether, during the 3-year period preceding the filing of that class action, 1 or
more other class actions asserting the same or similar claims on behalf of the same
or other persons have been filed.

28 U.S.C. §1332(d)(3).

## DISCUSSION

### I. CAFA

The Court must determine if this case is properly removed pursuant to the requirements set

forth in CAFA.  In order for a case to be properly brought into Federal Court pursuant to CAFA, the

defendant seeking removal must establish: the amount in controversy exceeds five million dollars,

exclusive of interests and costs; there is minimal diversity; and the Plaintiffs' proposed class would exceed 100 individuals. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3rd Cir. 2009)(holding the "party seeking to remove to federal court [must] demonstrate federal jurisdiction."); 28 U.S.C. §1332(d)(2)–(5)(B). The Defendants have asserted that the amount in controversy exceeds five million dollars, exclusive of interests and costs, and the Plaintiffs have not disputed this assertion. Similarly, the Plaintiffs do not dispute that their proposed class would exceed 100 individuals. Minimal diversity is satisfied since at least one member of the class of plaintiffs is a citizen of a State different from that of at least one defendant.[1] The question at issue in this case is whether an exception to CAFA is applicable.

## II. Exceptions

There are two exceptions to CAFA set out in 28 U.S.C. §1332(d) which have been raised by the Plaintiffs in their Motion to Remand. First, the Plaintiffs assert that this case falls within the "local controversy" exception and thus the Court should decline jurisdiction. 28 U.S.C. §1332(d)(4)(A). Second, the Plaintiffs argue that if this case does not fit into the "local controversy" exception this case should be remanded in the interest of justice after looking at the totality of circumstances under the discretionary exception. 28 U.S.C. §1332(d)(3).

### 1. Local Controversy

This "mandatory exception[] from federal jurisdiction . . . require[s] a district court to decline jurisdiction when the controversy is uniquely local and does not reach into multiple states." *Kaufman*, 561 F.3d at 149. The local controversy exception "may apply when at least one

---

[1]The named representatives of the class of plaintiffs are all citizens of Kentucky while at least one defendant, Jimmy Tosh, is solely a citizen of Tennessee.

significant defendant and more than two-thirds of the members of the putative classes are local." *Id.*

### a. Two-Thirds of Plaintiff Class Must be Citizens of Kentucky

The Plaintiffs bear the burden of establishing, by a preponderance of the evidence, that two-thirds of the plaintiff class are citizens of Kentucky. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 797 (5th Cir. 2007). The Plaintiffs have asserted that "two-thirds of the members of the proposed plaintiff classes in the aggregate are citizens of [Kentucky,] the State where the action was originally filed." Defendant Bacon by Gosh, Inc., has argued that the Plaintiffs have not established that more than two-thirds of the plaintiff class are citizens of Kentucky.

The Plaintiffs' Complaint states that each of the named Plaintiffs is a citizen of Kentucky. The Complaint also avers that all injuries being caused are being caused in Kentucky as the result of swine located in Kentucky. While the Complaint named several other individuals who had applied for certain construction permits, these individuals were not named as defendants and as such shall not be considered in the Court's analysis. *See Kaufman*, 561 F.3d at 152-53 (holding that jurisdiction is determined at the time of filing, except when there is a change in parties, e.g., parties dismissed subsequent to filing; only defendants in the action are considered for the local controversy exception). The Court notes that each of those individuals who had applied for permits had applied to the Kentucky cabinet. It appears each of those farms are in Kentucky. The Plaintiffs' Motion for Remand only states what was alleged in the Complaint: the named Plaintiffs are all citizens of Kentucky and the facilities at issue are in Kentucky. The Plaintiffs Reply states that "within the knowledge of the undersigned, all of the members of the plaintiff class are residents of Kentucky and own property in Kentucky that is impacted by the Western Kentucky hog farms in question."

There is sufficient evidence that two-thirds of the Plaintiff class are citizens of Kentucky.

The preponderance standard requires only that it be more likely than not. All the named plaintiffs in the class are citizens of Kentucky. The other class members referenced in the Complaint are described as property owners affected by the building of Tosh Hog Barns in western Kentucky. It is highly likely that more than two-thirds of the plaintiff class are citizens of Kentucky.

### b. One Defendant must be the Defendant from Whom Significant Relief is Sought, Whose Conduct is a Significant Basis of Claims, and Who is a Citizen of the State

Even though the Court has found that there has been a showing that two-thirds of the plaintiff class were citizens of Kentucky, the local controversy requirements have not been satisfied. The exception also requires that at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the state in which the action was originally filed.

### i. Significant Relief

The "significant relief element is satisfied . . . where the petition claims that every potential plaintiff is entitled to recover from" the class action defendant or defendants. *Coffey v. Freeport McMoran Coppery & Gold*, No. 09-6106, 2009 WL 2840508, at *4 (10th Cir. Sept. 4, 2009). In other words, significant relief requires the defendant be liable for at least one potential claim to every potential member of the class. The Court need not assess the defendant's financial status, or determine from which defendants significant relief is likely to be obtained. *Id.* The Court in *Coffey* agreed with the plaintiffs' assertion that the defendant at issue was a defendant from whom significant relief was sought because all members of the class had claims against this defendant, not

merely a subset of class members. *Id.* at *3. "All class members were seeking to hold [the defendant] jointly and severally liable for all of plaintiffs' damages and . . . it was reasonably likely that [the defendant] would be held at least equally responsible plaintiffs' damages." *Id.*

The Plaintiffs seek to certify this action as a class action for all "property owners who have been or will be injured" by the Tosh Hog Barns in Kentucky. (Compl. 28). The Plaintiffs argue that Heather Howell Davis, Ron Davis, and Eric Howell, as well as Shiloh Hills, LLC, are all defendants from which significant relief is sought. They also charge that the conduct of these Defendants' forms a significant basis for the claims asserted. The Defendants Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; and Tosh Pork, LLC, (for purposes of reference, hereinafter "Tosh Defendants") argued that, based on the heading of Count VIII in the Plaintiffs' Complaint, "the Plaintiffs wish to assert a class action only against Defendant Jimmy Tosh." The heading at issue states "Plaintiffs are qualified to represent the class of persons who have and are injured by the similar action by Defendant Tosh, so that this claim by these Plaintiffs should be certified as a class action under Civil Rule 23 as to liability." The Plaintiffs in their Complaint defined "Tosh" as the individual Jimmy Tosh. In the Plaintiffs' Motion to Remand, "Tosh" is defined to include Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; Tosh Pork, LLC; and Bacon by Gosh, Inc. However, it appears that this definition was only intended to identify the Defendants who filed the Notice of Removal.

The Tosh Defendants recognize "the class action claim is probably intended to be asserted against Tosh Farms." Defendant Bacon by Gosh, Inc., in a separate response, similarly agreed. Bacon by Gosh, Inc., reasoned that because the class action was sought based on the injuries allegedly created by farms other than those owned by Eric Howell, Ron Davis and Heather Howell

9

Davis, members of the class who are injured by other swine farms not owned by the currently named defendants in the action would not be seeking relief from those defendants.  As a result Eric Howell, Ron Davis and Heather Howell Davis could not be defendants from which significant relief is sought.

The Court finds that the Plaintiff intended the class action count to apply to all Tosh Defendants, including Bacon By Gosh, Inc.  Therefore the defendants,  which every potential plaintiff has a claim against, are the Tosh Defendants, including Bacon By Gosh, Inc. The Plaintiffs are therefore seeking significant relief from the Tosh Defendant's, including Bacon By Gosh, Inc.

### ii. Significant Basis

Next, the Court must determine which defendants have conduct which forms a significant basis for the claims asserted by the proposed plaintiff class.  The Court in *Kaufman* addressed this provision stating, "the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants . . . .  If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied." 561 F.3d at 156.  The Court went on to explain that this provision "could be satisfied even if not every member of the putative class had a claim against the local defendant, as long as a 'significant number or percentage of the putative class members' did have such a claim." *Id.* (emphasis and citations omitted).  The alleged conduct must form a significant basis of all the claims asserted; however, "a party's conduct may form a significant basis of an entire set of claims even if some claims within the set are not based on that conduct." *Id.* at 155-56.

The Plaintiffs in this case maintain that Ron Davis, Heather Howell Davis, and Eric Howell,

as well as Shiloh Hills, LLC, are all local defendants whose conduct forms a significant basis for their claims.   The Defendants assert that none of these local defendants are defendants whose conduct forms a significant basis for the Plaintiffs' claims.   The Court finds, after searching Plaintiffs' Complaint, that Shiloh Hills, LLC's, conduct is not a significant basis of the Plaintiffs' claims.   There is no conduct of Shiloh Hills, LLC, that is specifically named in the Complaint, nor is there any count or prayer for relief specifically referencing Shiloh Hills, LLC.

The conduct of Ron Davis, Heather Howell Davis, and Eric Howell does, however, form a basis for the Plaintiffs' claims; the issue is the significance. The Plaintiffs' Complaint specifically alleges that these three defendants "are each raising swine for the Defendant Tosh in [a] manner that constitutes a continuing and reoccurring nuisance, unreasonably and negligently interfering with the Plaintiffs' quiet use and enjoyment of their property and causing personal injury and property damage to the Plaintiffs." The Plaintiffs further allege these Defendants have submitted applications for permits to construct swine waste handling facilities and have built swine waste handling facilities.  Additionally, these Defendants are alleged to have contracted with Tosh to dispose of the liquid swine manure by land application and to have entered a "Swine Services Agreement." The Plaintiffs have made specific and pointed allegations regarding the conduct of these three Defendants, even though there may be claims asserted by the Plaintiffs that were not directed toward these Defendants.   Undoubtedly, the Plaintiffs have alleged that the local defendant played a role in the alleged contamination and that a number of the class members may have claims against these defendants; however, it does not appear that  all potential class members would have a claim against the now local defendants.   All class members will have a claim against the Tosh Defendants, including Bacon By Gosh, Inc.

The Tosh Defendants argue that because Ron Davis, Heather Howell Davis and Eric Howell only raise two percent of the swine owned by Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; Tosh Pork, LLC; and Bacon by Gosh, Inc., and less than ten percent of Tosh Farms hogs owned in Kentucky their conduct can not be a significant basis. As stated previously, the test for determination of significant basis is a comparison of the conduct of the local defendant against the conduct of the other defendants. Additionally, although not every potential member of the class may have a claim against the defendant, that defendant's conduct may still be a significant basis. The Court finds that in comparison to the conduct of the other defendants, defendants Ron Davis, Heather Howell Davis and Eric Howell's conduct formed a basis for the Plaintiffs claims; however, not the significant basis.

The Defendants Tosh Farms, LLC; Tosh Farms General Partnership; Jimmy Tosh; Pig Palace, LLC; and Tosh Pork, LLC, were described in the Defendants' Notice of Removal as "primary defendants." These Defendants attempted to assert themselves as having conduct forming a significant basis of the Plaintiffs' claims and argue that the conduct of Ron Davis, Heather Howell Davis, Eric Howell, and Shiloh Hills, LLC, is not a significant basis of the Plaintiffs claims. The Plaintiffs have not objected to this assertion except to argue that the four Kentucky defendants' conduct was a significant basis and the four Kentucky defendants are primary defendants. The Court finds that the conduct of these Defendants', Tosh Farms, LLC; Tosh Farms General Partnership; Jimmy Tosh; Pig Palace, LLC; and Tosh Pork, LLC, was a significant basis of the Plaintiffs' claims especially when compared to the conduct of other defendants. These cumulative Defendants entered a Swine Service Agreement with Ron Davis, Heather Howell Davis, and Eric Howell. These Defendants possibly contracted with Ron Davis, Heather Howell Davis, and Eric

12

Howell to dispose of waste and are alleged to have been responsible for the design of the barns at issue. Additionally, Tosh Farms, LLC, and Tosh Farms General Partnership own the swine at issue in the Howell and Davis barns. The Plaintiffs have alleged that all of the class members may have a claim against these defendants.

The claims against the Tosh Defendants are the crux of all claims and clearly are conduct which forms the basis for all claims asserted by Plaintiffs, particularly the class action claims. The Complaint supports this conclusion. At issue is the manner in which a swine farm is operated. The Complaint alleges that each of the farmers named built or are planning to "build a swine waste handling facility described in the generic drawing of a Tosh Farms Standard Hog Farm ("Tosh Hog Barn")." Complaint ¶ 31. Count I states a claim against all defendants for temporary nuisance alleging the Tosh Hog Barns cause an unbearable odor. Count II states a claim against all defendants for permanent nuisance alleging the Tosh Hog Barns cause an unbearable odor. Count III alleges a claim against all defendants for trespass alleging the Tosh Hog Barns cause the spread of air particles and pollutants that create an unbearable order and cause injury. Counts IV and V assert a claim of negligence and negligence per se against all defendants. All counts incorporate all previous counts. Count VI asserts a claim against all the defendants for product liability alleging all defendants constructed the Tosh Hog Barns, which products are defective products which are defectively designed and/or manufactured. Count VII alleges gross negligence and punitive damages against all defendants. Count VIII asserts a claim for civil conspiracy against all Defendants. Count IX asserts a claim of negligent encouragement against Tosh Farms only. Count VIII (improperly numbered) asserts a claim against "Tosh". The majority of claims are against persons who have or are constructing Tosh Hog Barns in Kentucky. All claims relate to Tosh Hog

13

Barns allegedly causing various torts.  The Complaint defines a Tosh Hog Barns as a "facility described in the generic drawing of a Tosh Farms Standard Hog Barn." Its alleged all claims have their basis from the Tosh Defendants, including Bacon By Gosh, Inc.  The actions of the Tosh Defendants, including Bacon By Gosh, Inc., form a significant basis of the class action claims when compared to the actions of the other Defendants.

### iii. Citizenship

There is significant dispute concerning the citizenship of at least some of the defendants to this action.  The Defendants assert that Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Tosh Pork, LLC; Pig Palace, LLC; and Bacon by Gosh, Inc., are citizens of Tennessee and Tennessee alone.  The Plaintiffs assert, without further support, that the corporations held by Jimmy Tosh, while incorporated in Tennessee, have their primary place of business in Kentucky.[2] However, the Complaint alleges that Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Bacon By Gosh, Inc.; and Tosh Pork, LLC, are all Tennessee organizations with their principal places of business located in Tennessee.  It is true that for the purposes of removal on diversity grounds, corporations are citizens of both the states of their incorporation and the states in which their principal place of business is located.  28 U.S.C. §1332(c)(1).  The Plaintiffs have not met their burden of proof in establishing the principal place of business for these organizations is other than Tennessee. The Plaintiffs have cited no data, evidence, other information, or provided an affidavit which validates their assertion that any of the Tosh organizations have a principal place of business in Kentucky.  It appears to the Court, at this time, that the above listed Defendants are all citizens of Tennessee, as there is no evidence of a principal place of business in Kentucky and the Complaint

---

[2]There is no dispute that Jimmy Tosh is a citizen of Tennessee.

so alleges. Therefore, this element is only satisfied as to Defendants Ron Davis, Heather Howell Davis, Eric Howell, and Shiloh Hills, LLC.

Therefore, no defendant meets all the criteria of the second element. The only defendants that are citizens of Kentucky are Ron Davis, Heather Howell Davis, Eric Howell, and Shiloh Hills, LLC. While the conduct of Ron Davis, Heather Howell Davis and Eric Howell are a basis of the Plaintiffs' claims, when balanced against the conduct of the Tosh Defendants the conduct of the Tosh Defendants, including Bacon By Gosh, Inc., forms the significant basis of the Plaintiffs' claims. These defendants are not citizens of Kentucky. Additionally, the Plaintiffs are only seeking significant relief from the Tosh Defendants because they are the only defendants against which each member of the class will have a claim. Because the plaintiff class may include individuals effected by Tosh Hog Barns owned by farmers other than Ron Davis, Heather Howell Davis, and Eric Howell, and these class members will not have a claim against the Davises or Howells, the class is not seeking significant relief from these specific individuals. The class is only seeking significant relief from the Tosh Defendants, including Bacon By Gosh, Inc. Furthermore, as noted earlier, the crux of all claims concern Tosh Hog Barns and systems.

### c. Principal Injuries Must be in the State in which Claim Originally Filed

Next, the exception requires principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed. 28 U.S.C. §1332(d)(4)(A)(i)(III); *see Kaufman*, 561 F.3d at 158. The Plaintiffs assert that the principal injuries occurred in Kentucky. The Defendants do not deny that the principal injuries occurred in Kentucky.

### d.  No Other Class Action has been Filed within Three Year Period

15

**Preceding**

There is no dispute as to this element and the Court finds that it has been met.

The local controversy exception is not applicable in this case. While the Plaintiffs have met their burden as to certain elements, not all requirements have been met for the local controversy exception to apply. The Plaintiffs have sufficiently alleged that two-thirds of the proposed plaintiff class are citizens of Kentucky; alleged the principal injuries occurred in Kentucky; and alleged there have been no other class actions filed within three years asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons. However, having met these elements, still no defendant meets all the criteria of the second element. The only defendants that are citizens of Kentucky are Ron Davis, Heather Howell Davis, Eric Howell, and Shiloh Hills, LLC. While the conduct of Ron Davis, Heather Howell Davis and Eric Howell is a basis of the Plaintiffs' claims, in comparison to the other Defendants, the conduct of the Tosh Defendants forms the significant basis of the Plaintiffs' claims. Additionally, the Plaintiffs are not seeking significant relief from any of these individual Defendants; the Plaintiffs are seeking significant relief from the Tosh Defendants, including Bacon By Gosh, Inc.

**2. Discretionary Exception**

Under this exception, the Court may decline jurisdiction when between one third and two thirds of the proposed plaintiffs class are citizens of the State in which it was originally filed and the primary defendants are also citizens of that State. 28 U.S.C. §1332(d)(3). If these two requirements are met there are several factors which are then considered by the court: if the claims involve matters of national or interstate interest; if the law of the State will apply; if the class action was pleaded to avoid federal jurisdiction; whether the action was brought in a forum with a distinct nexus with the

16

class members, the alleged harm, or the defendants; if the number of citizens of the State in which

it was brought is larger than the number of members that are citizens of other States; and whether,

during the 3-year period preceding the filing of that class action, 1 or more other class actions

asserting the same or similar claims on behalf of the same or other persons have been filed. *Id.*

### a. One-Third but Less Than Two-Thirds of the Members of All Proposed Plaintiff Classes in the Aggregate Must be Citizens of the State where the Action was Originally Filed

The Plaintiffs assert that over one-third but less than two-thirds of the proposed plaintiff class

are citizens of Kentucky. The Plaintiffs state that "the clear majority of people adversely affected

by these facilities are citizens of Kentucky." All the named Plaintiffs are citizens of Kentucky and

it appears unidentified class members are largely members of Kentucky. The Court finds that it is

highly likely that greater than two-thirds of the plaintiff class are citizens of Kentucky. Therefore,

this element is not met.

### b. The Primary Defendants Must be Citizens of the State where the Action was Originally Filed

Even if the Plaintiffs had established that over one-third, but fewer than two-thirds of the

proposed class were citizens of Kentucky, not all of the primary defendants are citizens of the state

where the action was originally filed.

The term "primary defendant" is a term of art that was not expressly defined in the CAFA.

However, the Senate Report issued after CAFA states

> the Committee intends that primary defendants "be interpreted to reach those
> defendants who are the real targets" of the lawsuit-i.e., the defendants that would be
> expected to incur most of the loss if liability is found. Thus, the term primary
> defendants should include any person who has substantial exposure to significant

17

portions of the proposed class in the action, particularly any defendant that is allegedly liable to the vast majority of the members of the proposed classes (as opposed to simply a few individual class members).

S. Rep. No, 109-14, at 43-44 (2005). The Court in *Sorrentino* further described a primary defendant

as one: '(1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action.

*Sorrentino v. ASN Roosevelt Center, LLC*, 588 F.Supp.2d 350, 359 (E.D.N.Y. 2008).

The language of the rule states "[a] district court may . . . decline to exercise jurisdiction . . .over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. §1332(d)(3). The Plaintiffs have interpreted this language to mean that between one and two-thirds of the primary defendants must be citizens of Kentucky. They have asserted that at least four primary defendants are citizens of Kentucky: Shiloh Hills, LLC, Ron Davis, Heather Howell Davis, and Eric Howell. The Tosh Defendants have argued that this language should be interpreted to mean all primary defendants must be citizens of Kentucky. The Tosh Defendants assert that not all primary defendants are citizens of Kentucky.

When interpreting a statute, "the Court looks first to the statute's plain meaning and, if the statutory language is clear and unambiguous, the inquiry comes to an end." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). If the language is not clear, "the statute must be construed to give effect, if possible, to every word and clause." *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 166-68 (2004). The Court in *Frazier* addressed the phrase "the primary defendants" when interpreting 28 U.S.C. §1332(d)(5)(A). *Frazier v. Pioneer Americas, LLC*, 455 F.3d 542, 547

18

(5th Cir. 2006). The court stated that "the plain text . . . using the definite article before the plural nouns, requires that all primary defendants be states."*Id.*     This Court holds that the phrase "the primary defendants" means all the primary defendants must be from the State in which the action was originally filed.

The parties dispute who the primary defendants are in this action. The Defendants have argued that the only primary defendants are: Tosh Farms, LLC; Tosh Farms General Partnership; Jimmy Tosh; Pig Palace, LLC; and Tosh Pork, LLC. The Court has stated that these Defendants are all citizens of Tennessee due to failure of the Plaintiffs to establish evidence of a principal place of business elsewhere. The Plaintiffs assert that Eric Howell, Heather Howell Davis, Ron Davis and Shiloh Hill, LLC, are primary defendants. The Plaintiffs take no position in regard to the other Defendants.

It appears from the Complaint, that while the conduct of the Eric Howell, Heather Howell Davis and Ron Davis is a significant basis for the Plaintiffs' claims, the primary defendant for the purpose of the class action is the "Defendant Tosh." As the Court held above, the "Defendant Tosh" is interpreted to include all Tosh Defendants including Bacon By Gosh, Inc. These are the defendants against which the potential members of the plaintiff class all have a claim and they thus appear to be the "real target" of the class action. These Defendants also have greater liability exposure. They have been sued directly and are the subject of a significant portion of the claims asserted by the Plaintiffs. However, these Tosh Defendants are citizens of Tennessee and not Kentucky.

The Court need not analyze the factors listed for consideration in subsections (A)-(F) since the Plaintiffs have not met their burden of establishing greater than one-third but less than two-thirds

19

of the proposed class are members are citizens of Kentucky and the primary defendants, Tosh Defendants, are not citizens of Kentucky.  However, if these two elements had been met, it appears the balancing of the named factors would weigh in favor of remand to State court.

After examining the elements of each of the asserted exceptions to CAFA, the Court finds that neither exception is applicable in this case.

## CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand Pursuant to 28 U.S.C. §1332 (d)(4)(A) or, in the Alternative, Pursuant to §1332(d)(3) is  DENIED.