TERRY POWELL et al.                                                              PLAINTIFFS

v.

JIMMY TOSH et al.                                                                 DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court upon Defendants Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; and Tosh Pork, LLC's (collectively the "Tosh Defendants") Motion to Dismiss (DN 111). Plaintiffs have filed a response (DN 115). The Tosh Defendants have filed a reply (DN 118). Plaintiffs have filed a sur-reply (DN 121). This matter is now ripe for adjudication. For the reasons that follow, the Tosh Defendants' motion is GRANTED in part and DENIED in part.

Also before the Court is Plaintiffs' Rule 56(f) Motion to Deny Defendants' Motion to Dismiss (DN 114). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motion is DENIED.

Also before the Court is Plaintiffs' Motion for Leave to File Sur-reply (DN 119). The Tosh Defendants filed a response (DN 120). Plaintiffs filed a reply (DN 122). Plaintiffs motion is GRANTED. The Court will consider Plaintiffs' sur-reply in consideration of Defendant's motion to dismiss.

## BACKGROUND

In May 2009, Plaintiffs, who are residents and property owners in Marshall County, Kentucky, filed suit against the defendants. Defendants Eric Howell, Ron Davis and Heather

Howell Davis (collectively the "Defendant Farmers") are Marshall County residents and property owners who have constructed swine barns on their property. Each named plaintiff is within a one mile radius of these swine barns. Plaintiffs allege that these barns are a nuisance and have caused them injury.

Plaintiffs further allege the Defendant Farmers will from time to time pump the liquid swine waste accumulated in the "deep pit" under the swine barns to be land applied on row crop land owned by, or available to, the Defendant Farmers. This action, according to the Complaint, has and will constitute an additional reoccurring nuisance and further injure the Plaintiffs.

Plaintiffs further allege that the Defendant Farmers have built, are currently building, or intend to build swine waste handling facilities according to the instructions of Tosh Farms General Partnership and pursuant to a Swine Service Agreement with Tosh Farms General Partnership. This construction will allegedly include construction of a "Tosh Hog Barn" which the Plaintiffs claim is a defective product.

While each plaintiff alleges they suffer from "recurring intolerable noxious odors emanating from the Defendants' swine waste facilities constituting a nuisance and decreasing the value of [their] residence and real property," some plaintiffs allege other injuries. For example, plaintiff Rhonda Free alleges personal injuries from the noxious odors including severe nausea, vomiting, respiratory problems, and water contamination while plaintiffs Tommy and Bridget Powell also allege extreme stress and anxiety as a result of exposure to the noxious odors.

Plaintiffs have also brought claims against the Tosh Defendants: Jimmy Tosh; Tosh Farms, LLC; Shiloh Hills, LLC; Pig Palace, LLC; and Tosh Pork, LLC. Plaintiffs also named Bacon by Gosh, Inc., an affiliated company not a subject of the pending motion. Jimmy Tosh and his family

own several affiliated companies which are engaged in commercial swine farming in both Kentucky and Tennessee. Each of these companies is engaged in a particular aspect of the swine farming industry. For example, Tosh Farms, LLC, is the owner of the swine housed in the Defendant Farmers' swine barns; Bacon by Gosh, Inc., is engaged in the transportation of swine; Shiloh Hills, LLC, makes pre-cast concrete components for the use in farming; and Pig Palace, LLC, is engaged in the construction of barns used in swine farming. Tosh Farms, LLC, and Tosh Farms General Partnership ("Tosh Farms") coordinate the activities of the Tosh group of companies and actually own the swine. At any given time these two entities own nearly half a million swine at various stages of development. These entities contract with growers, like the Defendant Farmers, in Tennessee and Kentucky to raise these swine from juveniles to market-ready adults.

Several years ago, Tosh Farms sought to expand its business in Western Kentucky and began seeking additional growers including the Defendant Farmers. There has been opposition to this expansion including the filing of formal complaints with Kentucky state agencies. For example, in order to operate a hog barn, the owner or operator must be issued certain permits from the Kentucky Environmental and Public Protection Cabinet ("Cabinet") and the Kentucky Division of Water ("Division"). Several individuals have opposed the issuing of permits to hog farm owners and operators by filing objections during the public comment period. Despite these objections, the necessary permits were issued and several hog barns are now in operation.

The Plaintiffs' Complaint sets out common law claims for temporary nuisance, permanent nuisance, trespass, negligence, negligence per se, product liability, gross negligence, civil conspiracy, and negligent encouragement against each defendant. Plaintiffs also request class certification.

3

Tosh Defendants now move to dismiss each of Plaintiffs' claims against them, excluding the class action certification, on the basis that Plaintiffs have failed to exhaust their administrative remedies and have failed to state a claim on which relief can be granted.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal,* 129 S. Ct. at 1949.

## DISCUSSION

### I. Plaintiffs' Rule 56(f) Motion to Deny Defendants' Motion to Dismiss

Plaintiffs assert in both their Rule 56(f) Motion to Deny Defendants' Motion to Dismiss and

4

their response to Defendants motion to dismiss that Defendants' motion should not be treated as a motion to dismiss but a motion for summary judgment. Plaintiffs argue that because Defendants attached several exhibits to their motion it is more properly characterized as a motion for summary judgment which is improper at this stage of litigation.

The Court notes that while there are circumstances when a motion to dismiss should be treated as a motion for summary judgment, this is not one of them. Federal Rules of Civil Procedure Rule 12(d) provides that if

> matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Courts have held, however, that there are circumstances where a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings. *Greenberg v. Life Ins. Co. Of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (citing Moore's Federal Practice § 56.30[4] (3d ed.1998)). For example, "when a document is referred to in the complaint and is central to the plaintiff's claim" it may be considered part of the pleadings. *Id.* (citation and internal quotations marks omitted). Then, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Id.* (citation and internal quotations marks omitted); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997) (considering pension plan documents that defendant attached to the motion to dismiss as part of the pleadings because the documents were referred to in the complaint and were central to plaintiff's claim for benefits under the plan)).

Defendant attached two copies of the Swine Service Agreement as well as three documents

5

relating to the Kentucky Environmental and Public Protection Cabinet's issuance of permits to hog farmers. The Swine Service Agreement is referenced numerous times in Plaintiffs' Complaint and is central to Plaintiffs' claims. The Court will not consider the other documents attached as exhibits; therefore, this motion will remain a motion to dismiss.

**II. Exhaustion of Administrative Remedies**

The Tosh Defendants first argue that Plaintiffs claims against them must be dismissed as Plaintiffs failed to exhaust their administrative remedies. More specifically, the Tosh Defendants argue Plaintiffs were required to follow the hearing and appeal procedures set forth in Kentucky Revised Statutes Chapter 224 in order to recover.

Plaintiffs argue the exhaustion argument is only relevant if common law suits are preempted and they are not. The Supreme Court has held that private, common law tort actions survive federal environmental legislation. *International Paper Co. v. Ouellette*, 479 U.S. 481, 497 (1987). Kentucky state courts have also held that Kentucky's water regulatory scheme does not preempt common law nuisance actions. *Ohio River Sand Co. v. Com.*, 467 S.W.2d 347, 349 (Ky. 1971). Plaintiffs' claims are not preempted.

Plaintiffs further argue that they have not failed to exhaust their administrative remedies because no administrative remedies are available to address the cause of action they assert. Plaintiffs explain that "[t]he administrative procedure which Defendants claim Plaintiffs failed to exhaust involved a challenge to the state's issuance of operational permits for the hog farms." Pl.'s Resp. 14. However, this action does not challenge the issuance of permits or seek to revoke the permits. Plaintiffs have alleged several common law torts as a result of conduct of Defendants for which there is no administrative remedy.

Finally, the Tosh Defendants assert the Cabinet has exclusive jurisdiction over the identification, determination and investigation of alleged environmental violations as well as over the enforcement of all applicable laws and regulations. Plaintiffs argue that the statutes relied upon by the Tosh Defendants, are not applicable to this case. First, the Tosh Defendants cite Kentucky Revised Statute § 224.10-420(2) which requires

> any person not previously heard in connection with the issuance of any order or the making of any final determination arising under this chapter by which he considers himself aggrieved may file with the Cabinet a petition alleging that the order or final determination is contrary to law or fact and is injurious to him.

Plaintiffs state this case is not about the decision to issue the a permit but recovery for actual harms suffered by Plaintiffs as a result of the hog operations. The Court agrees. Plaintiffs are not challenging the issuance of the permits or seeking revocation of the permits.

Defendants next cite Kentucky Revised Statute § 224.01-050 which provides

> Any citizen of this Commonwealth having knowledge that any of the provisions of this chapter or regulations adopted thereunder are willfully and deliberately not being enforced by any public officer or employee, whose duty it is to enforce such provisions of this chapter and regulations thereunder, may bring such failure to enforce the law to the attention of such public officer or employee . . . If such public officer or employee neglects or refuses for any unreasonable time after demand to enforce such provision, any such citizen shall have the right to bring an action of mandamus in the Circuit Court of the county in which the operation which relates to the alleged lack of enforcement is being conducted.

This statute is also inapplicable as Plaintiffs do not seek to enforce environmental laws; Plaintiffs simply seek to recover compensatory damages for common law torts. The Court finds none of Plaintiffs claims must be dismissed for failure to exhaust administrative remedies.

### III. Individual Counts

The Tosh Defendants argue each of Plaintiffs' individual claims should be dismissed against them for several reasons.

### a. Nuisance, Trespass, Negligence, Negligence per se, and Gross Negligence

Plaintiffs allege each of the defendants committed the following torts: temporary nuisance, permanent nuisance, trespass, negligence, negligence per se, and gross negligence among others. The Tosh Defendants assert Plaintiffs have failed to alleged that they engaged in any activity alleged to have created a trespass or nuisance since the Tosh Defendants did not own or operate the barns which caused the alleged odor. The Tosh Defendants also assert that Plaintiffs have failed to allege that they owed a duty of care to Plaintiffs for the purpose of negligence or negligence per se again because the Tosh Defendants did not own or operate the barns at issue.

In response, Plaintiffs argue that a principal-agent relationship exists between the Tosh Defendants and the Defendant Farmers; therefore, the Tosh Defendants are liable under vicarious liability. Kentucky courts have held that "the existence of an agency relationship may be established circumstantially, including evidence of a party's continuing course of conduct based on multiple successive transactions . . . Generally, the issue of whether the principal has the right to control the agent is critical to the issue of whether an agency relationship should exist." *Couch v. Natural Resources & Environmental Protection Cabinet*, 986 S.W.2d 158m 161 (Ky. 1999); *see also Sierra Club, Inc. v. Tyson Foods, Inc.*, 299 F. Supp.2d 693 (W.D.Ky. 2003).

Plaintiffs argue that because such a relationship exists, the Tosh Defendants remain liable. There are three major types of agency liability:

> First, a principal may be vicariously liable for an agent's tortious conduct if the principal expressly or implicitly authorized the conduct. . . . Second, a principal may be vicariously liable for an agent's torts under a respondeat superior theory. Under a respondeat superior rule, a principal is only held vicariously liable for torts committed by an agent when the agent acts for the benefit of his principal within the scope of his employment. Third, a principal may be vicariously liable for an agent's tortious conduct based upon an apparent authority theory, if the principal cloaked its agent with apparent authority, i.e., held the agent out to third parties as possessing

8

> sufficient authority to commit the particular act in question, and there was reliance upon the apparent authority.

*Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998). Here, Plaintiff alleges the Tosh Defendants are liable under the first two theories: vicarious liability and respondeat superior.

Plaintiffs have alleged sufficient facts to make it plausible a principal-agent relationship existed between the Tosh Defendants and the Defendant Farmers. Plaintiffs allege in their Complaint that Jimmy Tosh

> contracts with others to rent space for his swine to be raised from weanling (15 lbs) to finishers (260 to 270 lbs) according to explicit instructions concerning feed, medication, ventilation, temperature, manure storage, manure land application, dead animal disposal, and other matters set forth in materials Tosh Farms provides, and is under contract to have his swine raised according to his express instructions with one or more of the other Defendants who reside in Marshall County.

Compl. ¶20. Plaintiffs also alleged that the Defendant Farmers "are each under contract with Tosh or Tosh Farms to raise swine owned by Tosh in swine waste handling facilities designed by Tosh and constructed by one or more of the Defendants." Compl.¶ 26.

As it is considered part of the pleadings, the Court may also consider the Swine Service Agreement which provides evidence of the control of Tosh Farms General Partnership ("Tosh") over the Defendant Farmers. For example, under the contract, the farmers may only use Tosh supplies in the process of growing the hogs. (§ 7.2(c).) The hogs must be raised in barns designed by Tosh, or Tosh must give written approval for farmers to use a modified design. (§ 7.3(a).) Tosh dictates the frequency of health checks of the hogs and the types of gates and doors in the hog barns. (§ 7.4.) Tosh requires there only be Tosh hogs in the farmers' facility. (§ 7.5.) Tosh requires weekly written reports of the inventory of animals, feed, and supplies on hand and access to inspect the

farmer's records at any reasonable time. (§ 8.1, § 8.2.) The contract states Tosh is allowed to enter the premises at any time to inspect its equipment and its hogs, and ensure that its procedures are being followed precisely. (§ 8.3.) Tosh also maintains ownership of all hogs as well as all supplies, records, equipment, etc. and provides all necessary feed and supplies for the hog operation, in its complete discretion as to what will be provided. (§ 10.1, §11.1.) Tosh is also responsible for all hog transportation. (§11.2.) Finally, if Tosh determines that a farmer is not providing proper care, Tosh has the ability to enter the premise to provide the proper care, feeding, treatment, and maintenance of the pigs on the premise and may charge the farmer for such services. (§ 11.3.)

These allegations taken together make it plausible that the Tosh Farms General Partnership had sufficient control over the Defendant Farmers to find that a principal-agent relationship existed at least between the Tosh Farms General Partnership and the Defendant Farmers. At this stage of litigation, Plaintiffs need only state a claim for relief which is plausible.

The Tosh Defendants assert several of the individual Tosh Defendants are not linked individually to any cause of action. Specifically, they assert Plaintiffs have failed to state a cause of action against Shiloh Hills, LLC; Pig Palace, LLC; and Tosh Farms, LLC. Plaintiffs argue that the Tosh Defendants were acting as agents of each other. Plaintiffs allege Jimmy Tosh is the owner of Tosh Farms, LLC and a partner in Tosh Farms General Partnership. Compl. ¶ ¶ 20, 21. Jimmy Tosh is also alleged to be affiliated with Shiloh Hills, LLC and Pig Palace, LLC. It has further been alleged that Tosh Farms General Partnership provides the designs and specifications for the hogs barns while Shiloh Hills, LLC provides parts for the barns and Pig Palace, LLC provides the construction services actually building the barns. Each of the Tosh Defendants is allegedly run by Jimmy Tosh for the same purpose: raising hogs. Taking these allegations together, at this stage of

10

litigation, Plaintiffs have sufficiently alleged the Tosh Defendants were acting as agents of each other to make the claims of temporary nuisance, permanent nuisance, trespass negligence, negligence per se, and gross negligence against each individual Tosh defendant plausible.

The Tosh Defendants also argue that Plaintiffs are precluded from arguing a principal-agent relationship exists because the Cabinet allegedly found Tosh was not an "operator" of the farms. The Tosh Defendants argue that the decision of the Cabinet is binding and that the doctrine of res judicata applies to prevent Plaintiffs from now arguing a principal-agent relationship exists.

Res judicata, or claim preclusion, "is a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit." *Wallace v. Ashland Oil & Transp. Co.*, 305 S.W.2d 541, 543-44 (Ky. 1957). The Sixth Circuit explicitly set out the following elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997). Here, there has been no decision on the merits by a court of competent jurisdiction. Furthermore, there was no adjudication or litigation in the prior matter: the issuance of a permit over the objection of individuals in the public does not amount to complete and full litigation of an issue. The doctrine of res judicata does not apply.

### i. Negligence and Negligence Per Se

The Tosh Defendants also assert Plaintiffs have failed to allege sufficiently specific facts to support a claim for negligence and failed to set forth the statutes allegedly violated to create a claim for negligence per se. Plaintiffs' negligence count alleges

> Defendants owe a duty of ordinary care to the Plaintiffs, and the Defendants have negligently breached their duty of ordinary care, and caused injury to the Plaintiffs as a direct and proximate result of said negligence, and the Plaintiffs are entitled to compensation for the damages caused or contributed to by the negligence of each of the Defendants.

Compl. ¶ 62. While this alone would not meet the standard for a motion to dismiss, Plaintiffs also incorporated each previous paragraph of the Complaint into the negligence count. Compl. ¶ 61. The allegations found in paragraphs 28-51 the Complaint taken together are sufficient to make a claim for negligence plausible at this stage of litigation.

> Plaintiffs negligence per se count alleges
>
> The Defendants are in violation of certain Acts, statutes and regulations to prevent air pollution and to prevent odors causing nuisance conditions and to properly investigate, monitor, report on and prevent emissions of toxic or hazardous air pollutants and to use utmost care to prevent such emissions and such failure constitutes 'negligence per se.'

Compl. ¶ 64. Again, this alone would not meet the standard on a motion to dismiss; however, Plaintiffs incorporated all prior paragraphs. Compl. ¶ 63. The Tosh Defendants argue Plaintiffs did not state the specific statutes allegedly violated. The Court finds the statutes allegedly violated to create a claim of negligence per se are set out in paragraphs 38 and 44 of the Complaint. The Tosh Defendants' motion to dismiss Plaintiffs negligence and negligence per se claims is denied.

### b. Civil Conspiracy

Plaintiffs allege in their Complaint that

> Defendants' actions subject Defendants to civil conspiracy liability for Plaintiffs' injuries resulting from another Defendants' tortious acts because: (1) the tortious acts were done in concert with another Defendant or pursuant to a common design with another Defendant; (2) a Defendant knew that another Defendant's conduct constitutes a breach of duty and gave substantial assistance or encouragement to that Defendant so as to conduct him/herself; and/or (3) a Defendant gave substantial assistance to another Defendant in accomplishing a tortious result and the Defendant's own conduct separately considered, constituted a breach or duty to the

Plaintiffs.

Compl. ¶ 70. The Tosh Defendants argue Plaintiffs have failed to sufficiently allege the facts necessary to support a claim for civil conspiracy. Specifically, the Tosh Defendants argue the pleading is vague and does not allege any overt act by the Tosh Defendants as required to state a claim for civil conspiracy.

Plaintiffs assert the claim of civil conspiracy is based on the principal-agent relationship between the Tosh Defendants and the Defendant Farmers. As discussed already, Plaintiffs have sufficiently alleged a principal-agent relationship at this stage of litigation. Furthermore, Plaintiffs incorporated into the civil conspiracy count all previous paragraphs wherein Plaintiffs sufficiently alleged several overt acts on the part of the Tosh Defendants. Compl. ¶ 69. At this stage of litigation, Plaintiffs have alleged sufficient facts to make a claim for civil conspiracy plausible.

### c. Product Liability Claim

Plaintiffs assert in their Complaint that "Defendants have constructed the Tosh Hog Barns which products are defective products . . . defectively designed and or defectively manufactured, installed and constructed." Compl. ¶ 66. The Tosh Defendants argue Plaintiffs claim is implausible on its face because the buildings were obviously not constructed by all of the defendants and because Plaintiffs lack standing to bring a product liability claim.

First, the Tosh Defendants argue the barns alleged to be defective were not constructed by all Defendants. However, Plaintiff has alleged each of the interrelated Tosh Defendants were responsible for at least a portion of the barns' construction: Tosh and Tosh Farms General Partnership supplied the specifications; Shiloh Hills, LLC, cast the concrete; and Pig Palace assembled and constructed the building itself. At this stage of the litigation, Plaintiff has sufficiently

13

alleged each of the Tosh Defendants were engaged in the construction of the allegedly defective hog barns at issue.

Second, the Tosh Defendants argue Plaintiffs do not have standing because they were not buyers or consumers or users of the product. Plaintiffs argue they have standing as a foreseeable bystander. In *Embs v. Pepsi-Cola Bottling Co. of Lexington, Kentucky, Inc.*, the court held that standing in a products liability case may extend "to bystanders whose injury from the defect is reasonably foreseeable." 528 S.W.2d 703, 706 (Ky. Ct. App. 1975)*; see also Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 446 (6th Cir. 2009) ("Kentucky recognizes a bystander claim under a products liability framework."); *James v. Meow Media, Inc.*, 300 F.3d 683, 700 (6th 2002) ("Kentucky courts . . . have extended the protection of products liability to 'bystanders' who are injured by the product, but are not 'using' or 'consuming' the product.").

The Tosh Defendants attempt to distinguish *Embs* asserting that it only extended Section 402A of the Restatement Second of Torts to bystanders and that rule applies only when there is physical harm to the person or his property. Each plaintiff alleges they suffer from "recurring intolerable noxious odors emanating from the Defendants' swine waste facilities constituting a nuisance and decreasing the value of [their] residence and real property." Plaintiff Rhonda Free alleges personal injuries from the noxious odors including severe nausea, vomiting, respiratory problems, and water contamination. Plaintiffs Tommy and Bridget Powell also allege extreme stress and anxiety as a result of exposure to the noxious odors. At this stage of litigation, Plaintiffs have sufficiently alleged physical harm to persons and property to make a cause of action plausible.

### d. Negligent Encouragement

Plaintiffs allege the Tosh Defendants "negligently encouraged Defendants Eric Howell, Ron

Davis, and Heather Howell Davis to commit tortious acts against Plaintiff and Plaintiffs property." Compl. ¶ 72. The Tosh Defendants argue that Kentucky does not recognize a claim for negligent encouragement therefore Plaintiffs' claim must be dismissed. The Tosh Defendants rely on *James v. Wilson*, wherein the court explained "that Restatement ( Second ) of Torts, Sections 289, 302 and 303 have not been specifically adopted in Kentucky." 95 S.W.3d 875, 898 (Ky. Ct. App. 2002). The court did not then adopt a claim for negligent encouragement but instead held that " [e]ven if we were to adopt the aforementioned Restatement sections, however, appellants have also failed to produce any evidence to support their claims." *Id.* Plaintiffs argue that although negligent encouragement has not been specifically adopted in Kentucky, it has only been unsuccessful previously because the claimant was unable to establish sufficient proof.

The Court, following *James*, finds that negligent encouragement is not an available cause of action in Kentucky. There is no other Kentucky case which raises this issue; thus, there is no indication to this Court that Kentucky would in fact adopt this cause of action. Plaintiffs claim for negligent encouragement is dismissed.

## CONCLUSION

For the foregoing reasons, the Tosh Defendants' motion is GRANTED in part and DENIED in part. Plaintiffs claim for negligent encouragement is dismissed in its entirety. All other claims remain.

Plaintiffs' Rule 56(f) Motion to Deny Defendants' Motion to Dismiss is DENIED.

Plaintiffs' Motion for Leave to File Sur-reply is GRANTED.

An appropriate judgment shall issue.