# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09CV-121-R

TERRY POWELL, ET AL.

                                                  PLAINTIFFS

V.

JIMMY TOSH, ET AL.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a motion to file a second amended complaint (DN 143). Defendants have filed a response (DN 150, 153). Plaintiffs have filed a reply (DN 158). Accordingly, this matter is ripe for adjudication.

Defendants oppose the second amended complaint, stating that it is futile, on three primary grounds. First, Defendants state that the amended complaint fails to address the issues previously raised as to class actions claims. Second, Defendants state that Plaintiffs' agency allegations must fail as a matter of law. Finally, Defendants state that Plaintiffs battery claim must fail as a matter of law.

As stated in an accompanying memorandum opinion and order, this Court will defer ruling on any class actions claims until the class certification motion. Accordingly, the second amended complaint may proceed forward on those grounds, at this time.

Next, Defendants challenge the new allegations of a servant, agency or employment relationship. Defendants state that there is an insufficient factual basis to make such allegations. However, in Plaintiffs' initial complaint, incorporated into the second amended complaint by reference, Plaintiffs include facts sufficient to form a basis that Defendants may, at some time, have

had a servant, agent, or employee relationship with each other.[1] Accordingly, it is inappropriate to dismiss these allegations from the second amended complaint at this time.

Plaintiffs final amendment involves a claim of battery. Defendants claim there is an insufficient factual and legal basis for the claim of battery in the instant case. Plaintiffs seem to have pled a sufficient factual basis for their battery claim to survive the objection. Plaintiffs allege a touching of their person by "hazardous and/or noxious chemicals, particulates, and/or odors." Plaintiffs allege that such a touching was intentional. Other facts alleged make it clear that the particulates making contact originate from the hog barn and are traveling to Plaintiffs' land. Plaintiffs have also alleged damages in their complaint. This is sufficient to put the Defendants on notice of the claim and, factually, survive Defendants objection at this time.

Defendants second challenge to the battery claim is that particulate touching cannot result in a battery under Kentucky law. Defendants concede, and Plaintiffs do not contest, that particulate touching as a battery is an issue of first impression in Kentucky. In a negligence case, the Kentucky Supreme Court determined that bombardment by x-ray was sufficient to support the physical contact requirement of a mental anguish claim. *Deutsch v. Shein*, 597 S.W.2d 141 (Ky. 1980). Many other courts, when confronted with this exact issue, have allowed a battery claim to proceed. *Leichtman v. WLW Jacor Commc'ns, Inc.*, 634 N.E.2d 697 (Ohio Ct. App. 1994). Accordingly, if Plaintiffs can prove that the acts in question were intentional and that Plaintiffs suffered the alleged injuries,

---

[1] For example, the complaint states things such as Jimmy Tosh is "the principal owner of Tosh Farms . . . who contracts with others to rent space for his swine . . . with explicit instructions . . . and is under contract to have his swine raised according to his express instructions with one or more of the other Defendants who reside in Marshall County;" "The Defendants . . . are each under contract with Tosh or Tosh Farms to raise swine owned by Tosh in swine waste handling facilities designed by Tosh and constructed by one or more of the Defendants . . ."

2

Plaintiffs will have a valid claim for battery. At this stage, Plaintiffs allegations are sufficient and supported at law. At this early stage in the proceedings, given the unclear relationship between the multiple Defendants, it would also be inappropriate to dismiss this Count as to any individual Defendant at this time.

In addition to alleging intentional battery, Plaintiff also alleges that Defendants negligently battered Defendants. Under Kentucky law, intent is an essential element of battery. "An assault and battery is not negligence." *Lamb v. Clark*, 138 S.W.2d 350, 352 (Ky. App. 1940). Accordingly, the allegations of negligent battery must be stricken.

Accordingly, the Motion to File a Second Amended Complaint is GRANTED. The language involving negligent battery is stricken.

IT IS SO ORDERED.