# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:09CV-121-R

TERRY POWELL, ET AL.

                                                                                               PLAINTIFFS

V.

JIMMY TOSH, ET AL.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Three discovery motions are currently before this Court (DN 155, 159, 168). This Court has issued three companion orders dealing with the other motions before this Court.

### I. Defendants' Motion to Compel

Defendants have filed a motion to compel (DN 155), requesting full and complete answers to Defendants interrogatories.

#### a. Interrogatory 3

Defendants first object to Plaintiffs response to interrogatory 3, which is addressed to the class action portion of the claim. It appears that Plaintiffs have supplemented their response to this interrogatory as the case has proceeded, and the parties are currently in the process of briefing the motion for class certification.

#### a. Interrogatory 8-15

Defendants object that Plaintiffs have failed to provide a complete factual basis for their claims in their answers to interrogatories 8 through 15. Plaintiffs state that they have been largely unable to unravel the corporate structure of Defendants because Defendants have hindered the discovery process. Accordingly, Plaintiffs are unable to provide a complete factual basis for their claims against each individual Defendant at this time.

This Court cannot compel from Plaintiffs information that they do not have. As the discovery process continues, and Plaintiffs learn more about the facts and Defendants' corporate structure, Plaintiffs shall be required to supplement their responses or dismiss Defendants against whom their claims are factually devoid. To the extent that Plaintiffs have additional factual bases that they have not disclosed to Defendants, either through their responses to the interrogatories or other discovery, such disclosure is appropriate.

To the extent that Defendants request factual bases for the claims regardless of Defendant, Plaintiffs state that Plaintiffs have kept odor logs and such logs have been turned over to Defendants. Plaintiffs are not required to go through and copy said odor logs into a new document and label said document "Response to Interrogatories" for the discovery to be valid. To the contrary, Federal Rule of Civil Procedure Rule 26(b)(2)(C)(I) *requires* that a court limit discovery that is unreasonably cumulative or duplicative. If Plaintiffs have turned over logs, as they claim to have done, documenting both the frequency and intensity of odors experienced, they have clearly provided Defendants with the "date, time, place, manner and amount of each and every instance when the [temporary nuisance/permanent nuisance/trespass] has allegedly been present upon your real property . . ."

In addition, any claim that Defendants are going to be subject to "trial by ambush" is completely disingenuous. Even a cursory reading of the facts in this case makes the issues clear - hog barns were erected near Plaintiffs' lands and are causing said lands to be subject to unpleasant odors. To the extent that Plaintiffs may have been over-inclusive when naming Defendants, this may be the result of Defendants allegedly hindering discovery into the corporate structure of the various Tosh entities. In any event, as discovery progresses this should be made clearer.

Defendants motion to compel is DENIED. Defendants are instructed to examine the discovery they have received in its entirety. If, after such an examination, Defendants still feel like they lack a factual basis for certain claims, they may refile a more narrowly tailored motion to compel at that time.

**II. Plaintiffs' Motion to Compel**

Plaintiffs have filed a motion to compel (DN 159). Plaintiffs ask for full and complete answers to interrogatories and production of documents and a full and complete deposition of Jimmy Tosh. Jimmy Tosh has already been deposed, and this Court addressed those issues via telephonic ruling. Accordingly, this Court need only address the interrogatories and production of documents.

Plaintiffs ask for information related to barns not involved in the instant litigation. This Court already ruled that the other barns affiliated with the various defendants were discoverable in this case during the deposition of Mr. Jimmy Tosh. That ruling also applies to interrogatories and requests for production of documents related to other barns. However, at this stage of the litigation, Defendants should not be required to produce the depth of documents for other barns affiliated with Defendants as has been produced for the barns currently at issue in the litigation. Expanded discovery against the other barns will be appropriate if Plaintiffs articulate a specific reason for needing certain discovery involving the other barns or if a class is certified that includes additional barns. In summary, the basic information about additional barns is discoverable,[1] but in-depth information is not, at this time.

---

[1] Perhaps unwisely, this Court will leave the determination of everything included in basic information to the parties. It should include things such as location, owner and the Tosh entity that is leasing swine to the barn. This Court will be quick to apply sanctions to any discovery issues that arise out of this determination if such an issue is deemed frivolous.

Plaintiffs also state that Defendants have been less-than-forthcoming with information that relates to the hog barns already at issue in the instant suit. Information relating to these hog barns is clearly either admissible or reasonably calculated to lead to the discovery of admissible evidence. Defendants are required to disclose any information involving the construction and operation of the hog barns at issue in the instant case, including the role that each entity may have played or plays in the construction and operation of the barns. Defendants claim that they have disclosed the relationship between the various Defendants, namely that the Defendant Farmers exclusively contract with Tosh Pork, LLC, and none of the other Defendants. Defendants still need to disclose what role each entity played in the construction and continued operation of the barn, such as transportation of swine, if such has not already been provided to Plaintiffs.[2]

Plaintiffs also ask for certain data, implying that such data is collected in the normal course of business as part of the contract between Defendant Farmers and the various Tosh entities. Defendants object, stating that any data collected was for the purpose of litigation, and was disclosed regardless. Plaintiffs should put to this Court a more specific request, stating why the documents listed by Defendants did not address Plaintiffs' request for documents, if a motion to compel is still desired.

Plaintiffs next seem to ask that Defendants catalogue exactly which of the thousands of pages of documents provided is a response to which request for production. This Court does not think that

---

[2]In Plaintiffs' reply brief, Plaintiffs seemed to evidence a thorough understanding of Defendants corporate structure. Such knowledge seems inconsistent with Plaintiffs assertion that Defendants have been uncooperative in discussing their corporate structure.

Defendants are required to reconcile individual documents with individual requests for production.[3] Defendants have provided a large volume of documentation, and have provided an index for that documentation. While this Court realizes that Plaintiffs have a substantial amount of documentation to review, such is the cost of bringing a multi-claim, multi-defendant class action lawsuit.

Plaintiffs also request a motion to compel information on the Defendants' political contributions. The Defendants objected, stating that such information is barred from discovery. Plaintiffs have failed to respond to Defendants' objections. Additionally, this Court can see no relevance of such information, and Plaintiffs have offered no explanation. Accordingly, the Defendants need not disclose such information.

Finally, Plaintiffs ask for discovery on any remedial measures Defendants may have taken as a result of this lawsuit. Defendants object that such evidence is inadmissible. However, such information is reasonably calculated to lead to the discovery of admissible information and Plaintiffs are allowed to discover any remedial measures taken by Defendants. Such remedial measures can be excluded from the trial if no proper ground of admissibility is established. The Motion to Compel is GRANTED IN PART and DENIED IN PART as is consistent with this opinion.

**III. Plaintiffs' Motion for a Protective Order**

Plaintiffs have filed a motion for a protective order (DN 168). Defendants have submitted approximately 300 requests for admission to each Plaintiff. Plaintiffs have objected arguing they are voluminous, they are duplicative of other discovery, they request legal conclusions and many are beyond the knowledge of the Plaintiffs.

---

[3]Similarly, this Court has not required Plaintiffs to go through and individually transcribe entries from the "Odor Logs" to each individual interrogatory.

This is a clever and excessive use of requests for admission. The burdens on Plaintiffs are an abuse of the discovery process. Clearly, there are too many requests. A cursory review shows many ask for legal conclusions and certainly many must be duplicative of other discovery.

Defendant must resubmit the requests for admission. Defendant is limited to 125 requests for admission per plaintiff. Defendant shall not submit requests that are clearly duplicative of other discovery or requests that require a legal conclusion. The motion for a protective order is GRANTED consistent with this opinion.

It is apparent to the Court that this actively practiced in such a manner that there will be multiple discovery issues and most likely a lack of agreement or cooperation among counsel. The case has the potential to be an overly contentious wrangling among counsel. It is ordered that all discovery disputes are refereed to Magistrate Judge Dave Whalin and he is given full authority to exercise said sanctions as he feels appropriate and to change deadlines as he feels is necessary.

**Pursuant to 28 U.S.C. § 636(b)(l)(A) this matter is referred to Magistrate Judge Dave Whalin for ruling on all discovery motions.**

IT IS SO ORDERED