UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09-CV-00121-TBR
*Filed Electronically*

**TERRY POWELL, ET AL.**                                                                 **PLAINTIFFS**

**VS.**

**JIMMY TOSH, ET AL.**                                                           **DEFENDANTS**

_____

**DEFENDANTS', TOSH PORK, LLC; JIMMY TOSH; TOSH FARMS, LLC; TOSH FARMS GENERAL PARTNERSHIP; SHILOH HILLS, LLC; BACON BY GOSH, INC.; AND PIG PALACE, LLC'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' EXPERT REPORT**
_____

Come the Defendants, Tosh Pork, LLC, Jimmy Tosh, Tosh Farms, LLC, Tosh Farms General Partnership, Shiloh Hills, LLC, Bacon By Gosh, Inc., and Pig Palace, by counsel, and hereby file this memorandum in support of their Motion to Strike Response to Plaintiffs' Expert Report. The Plaintiffs' supplemental report, authored by Dr. Eric Winegar and entitled "Response to Defendants' Expert Report: "An Investigation of Alleged Odors from Livestock Barns in Kentucky" ("Reply Report"), should be stricken because it is untimely under the Court's scheduling order, untimely under the Federal Rule of Civil Procedure 26(a)(4)(B)(ii), and is an improper attempt to revise and expand Plaintiffs' initial report. Ostensibly, Plaintiffs have submitted this document in reply to the class action expert report of Kirk Winges, offered by the Tosh Defendants in support of their opposition to Plaintiffs' motion for class certification. Instead, in this untimely and improper document, Dr. Winegar submits new data and analysis not disclosed in any of his previous reports.

US2008 2761615.2

Under the Court's scheduling order, the parties' expert witness disclosures were divided into two phases. Plaintiffs' expert disclosures related to their motion for class certification were due on December 1, 2010 and the Defendants' corresponding disclosures were due on April 15, 2011. Plaintiffs' disclosures related to the underlying merits claims were due on January 5, 2011 and Defendants' corresponding disclosures were due on May 15, 2011. The scheduling order contains no provision for reply expert reports regarding either class certification or merits issues.

The only report submitted in support of Plaintiffs' class certification motion was the December 1, 2010, report of Dr. Eric Winegar. This 33 page report, entitled *Delineation of the Class From Measurements and Personal Observation Data: Benton, KY and Similar Neighborhoods* ("Class Certification Report") discussed Dr. Winegar's air monitoring activities in the area surrounding the Ron Davis barns and his views on the nature and extent of hog barn odors on the purported classes of impacted individuals. Counsel for the Plaintiffs deposed Dr. Winegar on February 4, 2011. During that deposition, Dr. Winegar testified extensively regarding his experience in air monitoring, air modeling and the work that he performed over the previous eighteen months in the area near the Ron Davis barns.

Pursuant to the provisions of the scheduling order, on April 15, 2011, the Defendants filed Kirk Winges' expert report regarding class certification. Although the scheduling order identifies dates for the experts' respective reports on the underlying merits, there was no provision for any further reports related to class certification. After several requests for additional time, Plaintiffs' filed a "reply" memorandum regarding class certification on June 15, 2011. Inexplicably and without leave of Court, they also submitted Dr. Winegar's 27 page Reply Report  Assuming, *arguendo*, that this submission is proper, the Reply Report is

2

more properly viewed as both an amalgamation and supplementation of Dr. Winegar's class action and merits reports.

A significant portion of the Reply Report contains new analysis. Listed below are some of the significant examples of Dr. Winegar's new analysis and data:[1]

- Table 1 (p. 5) contains Dr. Winegar's summary of alleged odor observations of the Plaintiffs between June and September of 2010. In this table, Dr. Winegar attempts to bolster the validity of his observations in the Class Action Report by presenting the same subjective anecdotal observations as objective evidence while mixing in new data not previously presented. Figure 1 (p. 5) is new and contains new analysis of this data.

- Table 2 (p. 7) Figures 2 (p.9), 3a(p. 10), 3b (p.11 ), and Table 5 (p.13) are new presentations of data that Dr. Winegar chose not to include in his Class Action report.

- Table 6 (p. 18) contains a completely new discussion of odor investigation that is absent from the class action report.

- In Figure 6 (p. 19), Dr. Winegar presents new data that he contends contradicts statements in by Mr. Winges' report regarding invalid data. Dr. Winegar's criticism is puzzling because, although he characterizes this data as "invalid," he uses it in support of his claim that emissions from the Ron Davis barns violate Kentucky's secondary ambient air standards.

- Dr. Winegar's reference to the article by Dr. Susan S. Schiffman, et al. (p. 21) is an attempt to bolster his initial report with new references and information. Dr. Winegar's citation to the Shiffman article is a clear example of his improper attempt to bolster his initial report with additional analysis. In both his initial report and his February 9, 2011, deposition, he acknowledged his failure to provide any chemical analysis of ambient air near the Plaintiffs' homes due to equipment malfunctions. Using the Shiffman article is an attempt to deflect attention from the fact that his long-term air monitoring failed to establish that odors from the Ron Davis barns are reaching the Plaintiffs' homes.

In summary, the Reply Report is Dr. Winegar's attempt to rebut Mr. Winges' report by supplementing and expanding the points made in his Class Action Report. As noted

---

[1] Some of Dr. Winegar's new analysis is based, in part, upon new data collected after his Class Certification report was submitted.

3

above, there was no provision in the Court's scheduling order for such a submission. Moreover, the Federal Rules of Civil Procedure prohibit this type of "end run" around the Court's Scheduling Order. FRCP 26(a)(2)(D)(ii) states that:

> *(D) Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

It is evident that the main focus of the Reply Report is to rebut the deficiencies of the Class Certification Report highlighted by Mr. Winges with new argument, data, and analysis. Moreover, Plaintiffs made no effort to meet the time deadline under FRCP 26(a)(2)(D)(ii).[2] Accordingly, these Defendants respectfully submit that because the report fits squarely within the purview of the thirty-day provision regarding rebuttal reports and because it is an attempt to rewrite the Class Certification Report, the Reply Report should be stricken from the record in this case.

Respectfully submitted,

Alexander M. Bullock
Stewart D. Fried
Kilpatrick Townsend Stockton LLP
Suite 900, 607 14th Street, N.W.
Washington, D.C. 20005-2018
Tele: (202) 508-5800
Email: abullock@kilpatricktownsend.com
        sfried@kilpatricktownsend.com

---

[2] It is important to note that the Defendants consented to two extensions for Plaintiffs to submit their reply memorandum, no consent was either requested or given regarding the submission of an additional report by Dr. Winegar.

4

AND

*/s/ Drew Byron Meadows*
John W. Walters
Drew B. Meadows
GOLDEN & WALTERS, PLLC
771 Corporate Drive, Suite 905
Lexington, Kentucky 40503
Tele:   (859) 219-9090
Fax:    (859) 219-9292
Email: john@goldenandwalters.com
           drew@goldenandwalters.com

AND

Matthew T. Lockaby
REMINGER CO., L.P.A.
269 West Main Street | Suite 700
Lexington, Kentucky 40507
Tele:   (859) 233-1311
Fax:    (859) 233-1312
Email: mlockaby@reminger.com

*Counsel for Defendants, Tosh Pork LLC; Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Shiloh Hills; LLC; Bacon by Gosh; and Pig Palace*

## CERTIFICATE OF SERVICE

This is to certify that on August 9th, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Drew Byron Meadows*
COUNSEL FOR DEFENDANTS

7202.001861N:\Directories\P\Powell, et al v. Tosh Farms, et al\FED 2011\Mtn To Strike Rsp to Exp Rpt (Memo).doc