UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:09-CV-121-R

***ELECTRONICALLY FILED***

TERRY POWELL, RHONDA FREE, ET AL. PLAINTIFFS

v.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY PENDING APPEAL OF THE COURT'S CLASS CERTIFICATION ORDER**

JIMMY TOSH, TOSH FARMS, LLC, TOSH FARMS GENERAL PARTNERSHIP, PIG PALACE, LLC, SHILOH HILLS, LLC, TOSH PORK, LLC, BACON BY GOSH, INC., ERIC HOWELL, RON DAVIS, HEATHER HOWELL DAVIS DEFENDANTS

* * * * * * * * * * * * * * *

COME the Plaintiffs, by counsel, and for their Response in opposition to Defendants' separate motions to stay these proceedings pending appeal of the Court's class certification order [D.E. 251 and 252], hereby state as follows:

**INTRODUCTION**

This class action concerns an ongoing nuisance created by Defendants' hog barns, which are adjacent to the Plaintiffs' land and residences, and for which Plaintiffs have sought injunctive relief as well as monetary damages. [D.E. 1-2 at 28.] Thus, this class action seeks to stop an ongoing harm, not merely compensate for past damages. The class was certified by the Court in an order entered on October 13, 2011. [D.E. 245.] Pursuant to Fed.R.Civ.P. 23(f), Defendants have moved the Court to stay this action pending review by the Sixth Circuit Court of Appeals of this Court's order granting class certification. However, Plaintiffs and the class members

continue to suffer ongoing harm, including great discomfort and mental anguish, loss of use and enjoyment of their land, and continued diminution of property value each day that Defendants' hog barns are permitted to continue emitting noxious odors. A stay of this action would needlessly increase the Plaintiffs' damages, would not serve to promote judicial economy, and would not serve the public interest because Defendants' hog barns affect not just the Plaintiffs, but all class members and other members of the public. Meanwhile, Defendants have identified no specific harm that they will endure if the action is not stayed other than the expenditure of money, which is not a proper basis for a stay. In addition, the underlying individual claims will continue to go forward regardless of the resolution of the class question, and will require the same proof as the class claims. Thus, proceeding as a class action will not make a significant difference in the case moving forward at this time. Thus, Defendants' motions to stay should be denied.

## ARGUMENT

## I. BACKGROUND

### A. Facts.

On May 29, 2009, the Plaintiffs, residents and property owners in the Brewers area of Marshall County, Kentucky, filed suit in state court against the Defendants. The case was subsequently removed to the United States District Court for the Western District of Kentucky. Defendants include the owners of certain hog barns in Marshall County – Eric Howell, Ron Davis, and Heather Howell Davis ("Howell/Davis Defendants") – and Jimmy Tosh and his various swine-related entities (collectively "Tosh Defendants"),[1] a "hog aggregator" who owns the animals and controls nearly every aspect of the livestock operations that take place at the

[1] The Tosh entities involved in this case are Defendants Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; and Bacon By Gosh, Inc. Each of these companies is engaged in a particular aspect

Howell/Davis Defendants' barns. The subject hog barns were built according to the instructions of the Tosh Defendants and were operated pursuant to a Swine Service Agreement between the Tosh Defendants and the Howell/Davis Defendants.

Plaintiffs have asserted various claims, including battery, nuisance, trespass, negligence, and product liability as a result of recurring intolerable noxious odors emitted by Defendants' swine facilities. Plaintiffs' injuries include a decrease in property value and mental anguish as a result of the loss of use and enjoyment of their property.[2] Detailing the harm caused by Defendants' hog barns, Plaintiffs have described smells analogous to "a dead animal carcass outside your front door," Kevin Groves depo., pp. 78-79 (Exhibit 1), and foul enough to cause one the Plaintiffs to vomit "due to [the] stink," Rhonda Free depo., pp. 48-49 (Exhibit 2), thus greatly restricting outdoor activities. Recalling the frequent times her 11-year-old daughter has avoided playing basketball on the goal outside the house due to the smell, Plaintiff Kandis Jordan has stated that "the poor child is a child and she's had a lot of things and play time outside deprived of her because of the hog smells." Kandis Jordan depo., p. 51 (Exhibit 3). These harms are ongoing each day the hog barns continue to operate without appropriate odor mitigation.

There is a measurable, continuing effect on the area surrounding the hog barns. An expert retained by Plaintiffs to conduct an air quality study, Dr. Eric Winegar, found evidence that emissions of hydrogen sulfide from the hog barns exceeded the legal threshold under Kentucky air quality regulations on 43 separate occasions during his study period of August 1, 2010-December 31, 2010.[3] Furthermore, it is likely that measuring hydrogen sulfide levels alone

---

of the swine farming industry. [D.E. 32 at 1-2.]

[2] Particular Plaintiffs have also alleged other injuries, to wit, nausea, vomiting, respiratory problems, and water contamination (Rhonda Free) as well as extreme stress and anxiety (Tommy and Bridget Powell) as a result of exposure to noxious odors.

[3] This represents violations at a single monitoring site one-half mile away from the barns, and the monitoring period did not coincide with the time of heaviest emissions during the hot summer months.

underestimates the actual occurrence of odors in excess of the Kentucky odor standards. Dr. Winegar concluded that there is semi-continuous odor impact from the hog barns affecting the nearby areas nearly weekly, with violations of the Kentucky ambient hydrogen sulfide standard occurring, on average, four times a week. Report of Dr. Eric Winegar at 69-70, 75 (Exhibit 4). This impact is ongoing.

**B. Procedural History.**

On October 13, 2011, this Court granted Plaintiffs' motion for class certification, thus certifying a class for all current and former residents and property owners within a 1.25-mile radius of Defendant Ron Davis' Tosh Farms Standard hog barn in Marshall County. [D.E. 245.] The Howell/Davis Defendants and Tosh Defendants sought immediate appeal of the Court's decision by filing petitions for appeal with the Sixth Circuit Court of Appeals on October 25, 2011, and October 26, 2011, respectively. [D.E. 251-1, 252-2.] Defendants have now filed separate motions to have the Court stay this case pending the resolution of Defendants' appeal petitions and, if the petitions are granted by the Sixth Circuit, to have the case stayed during the pendency of the appeal. [D.E. 251 and 252.]

## II. STANDARD FOR STAYING DISTRICT COURT PROCEEDINGS PENDING APPEAL OF CLASS CERTIFICATION

An appeal of a district court's class certification decision "does not automatically stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed.R.Civ.P. 23(f). Thus, "[a] party must ordinarily move first in the district court for … a stay of the … order of a district court pending appeal." Fed.R.App.P. 8(a)(1)(A). Though Rule 23(f) gives district courts the power to stay proceedings, the rule itself "does not specify the factors the Court should consider to determine whether a stay is appropriate." Beattie v. CenturyTel, Inc., 2006 WL 1722207, *2 (E.D. Mich. June 20, 2006.) Accordingly, the Sixth Circuit applies the

four-factor balancing test used to evaluate requests for preliminary injunctive relief. Griffiths v. Ohio Farmers Ins. Co., 2010 WL 2774446, *1 (N.D. Ohio July 12, 2010) (citing Summit Democratic Central and Executive Committee v. Blackwell, 388 F.3d 547, 550 (6th Cir. 2004)); see also Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). Thus, the four applicable factors for the district court to weigh when considering a stay pending appeal under Rule 23(f) are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also In re DeLorean Motor Co., 755 F.2d 1223, 1227-28 (6th Cir. 1985); Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). Although a party moving for a stay need not conclusively demonstrate that each factor is met to warrant a stay, DeLorean, 755 F.2d at 1229 ("the four considerations … are factors to be balanced, not prerequisites that must be met"), the movant must demonstrate that "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting," Blair v. Equifax Check Servs., 181 F.3d 832, 835 (7th Cir. 1999). See also Am. Hospital Supply Corp. v. Hospital Products Ltd., 780 F.2d 589, 593-94 (7th Cir. 1986). Because stays "will be infrequent," interlocutory appeals under Rule 23(f) "should not unduly retard the pace of litigation." Blair, 181 F.3d at 835.

## III. DEFENDANTS' MOTION FAILS UNDER EACH OF THE FOUR FACTORS APPLICABLE FOR GRANTING A STAY

Defendants have asked that this action be stayed pending resolution of their respective petitions for immediate appeal and, if granted, their respective appeals, claiming that "[n]o interest of the parties, the class members, the Court, or the public is served by proceeding with

class notice, discovery, and trial preparation" while the same are pending. [D.E. 252-1 at 1.] This assertion is incorrect. The Plaintiffs, the class members, the Court, and especially the public are justly served by proceeding with this case irrespective of whether the Court of Appeals grants Defendants' petitions for immediate appeal. Moreover, Defendants have presented no evidence that a stay would protect any substantial interest of the Defendants or the public. These conclusions are evident considering Defendants' inability to establish that any one of the four applicable factors mentioned above weighs in favor of appeal.

**A. Unlikely that Defendants will succeed on the merits of their appeals.**

First and foremost, it is unlikely that this Court's class certification will be vacated by the Court of Appeal. As explained in Plaintiffs' consolidated answer in opposition to Defendants' petitions for appeal (Exhibit 5), Defendants' respective petitions seek an extraordinary remedy that is neither called for nor appropriate under circumstances of this case. (Exhibit 4 at 2.) The Sixth Circuit has emphasized that "the Rule 23(f) appeal is never to be routine." In re Delta Air Lines, 310 F.3d 953, 959 (6th Cir. 2002). Furthermore, the applicable standard of review is whether the district court committed an "abuse of discretion." Id. at 960. See Reeb v. Ohio Dep't of Rehab. & Corr., 435 F.3d 639, 643 (6th Cir. 2006) (A district court has "substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation.") This deferential standard "supports the notion that Rule 23(f) appeals will be the exception, not the norm." Id. Moreover, factors beyond the "class certification decision's correctness" weigh against permitting interlocutory appeals that Defendants seek. Id. 959-960. For example, the lengthy period of time necessary to complete an appeal discourage courts of appeal from granting interlocutory appeals, id. at 959-960, as does the ability of the district court to subsequently modify its class certification decision pursuant to

Rule 23(c)(1), thereby obviating immediate appeal, In re Lorazepam & Clorazepate Antitrust Litig., 289 F.3d 98, 105 (D.C. Cir. 2002). Because class certification decisions like the instant case turn on "case-specific matters of fact and district court discretion" they "generally will not be appropriate for interlocutory review." Id. at 960.

Moreover, even if the Court of Appeals is not convinced that Defendants' appeals were premature, the appeals are still likely to be denied on the merits because this Court conducted a rigorous 23-page analysis finding that all the requirements, including numerosity, typicality, commonality, adequacy of representation, predominance and superiority, were met pursuant to Fed.R.Civ.P. 23(a) and 23(b). (Exhibit 5 at 5-15.) Furthermore, the Court properly included Defendant Ron Davis as a class defendant, pursuant to the allegations in the Complaint and the Swine Services Agreement between Mr. Davis and the Tosh Defendants (Exhibit 5 at 15-17) and properly certified class claims for temporary nuisance, products liability, civil conspiracy, and punitive damages (Exhibit 5 at 17-19) after thoroughly analyzing the reports prepared by the parties experts (Exhibit 5 at 19-20). Therefore, it is unlikely that the Court of Appeals will hold that this Court abused its discretion by certifying the class in this case.

**B. Defendants will not be irreparably injured absent a stay.**

Defendants have also failed to establish that they will be irreparably injured unless a stay of the district court's proceedings is granted. Both Defendants argue that their participation relating to "class notice, discovery, class member identification, and trial preparation" will be rendered moot if the Sixth Circuit grants their appeal petitions and/or vacates this court's decision on class certification. [D.E. 252-1 at 4.] Defendants' potential costs, however, do to not justify a stay.

The Howell/Davis Defendants assert that a stay will prejudice Ron Davis because he will be "forced to incur" extensive costs while the Sixth Circuit considers Defendants' petition for appeal. [D.E. 251 at 4.] Similarly, the Tosh Defendants claim that they will incur "significant expenses in proceeding with this action" and will be "substantially injured" if a stay is not granted [D.E. 252-1 at 4.] According to the Defendants "[t]he fact that a party would have to send notices, provide discovery and respond to claims even though the class action might not proceed outweighs any interest Plaintiffs may allege in arguing against a stay," thereby necessitating a stay in this case. Id. at 4 (citing Andrews v. Chevy Chase Bank, FSB, 474 F.Supp.2d 1006-1010 (E.D. Wis. 2007). Defendants' argument is incorrect.

First, "[n]ormally, the mere payment of money is not considered irreparable." Philip Morris USA Inc. v. Scott, 131 S.Ct. 1, 4 (2010) (citing Sampson v. Murray, 415 U.S. 61, 90 (1974). Even if the costs incurred by the Defendants absent a stay turn out to be as substantial as Defendants predict – which is unlikely – the fact remains that in order to justify a stay, Defendants must demonstrate "irreparable harm," not merely "substantial" injury. Hilton, 481 U.S. at 776. Although it was their burden to demonstrate irreparable harm in their respective motions to stay, Defendants merely assert various harms, i.e. costs, without explaining why such harms are irreparable. The Tosh Defendants, for example, state that they will incur "substantial expert and other costs associated with preparing for class-related issues which would otherwise be avoided if this matter is de-certified on appeal." [D.E. 252-1 at 4.] Such an assertion does not demonstrate irreparable harm because, irrespective of the Court's decision on class certification, the Plaintiffs' individual claims will proceed against Defendants, see Beattie, 2006 WL 1722207, *8 ("the case will proceed in some form even if the Court is reversed on appeal"), forcing Defendants to retain the same experts and incur much of the same costs. Therefore, Defendants

have not established why their potential costs incurred for defending the class claims would be irreparable when Plaintiffs' individual claims involve the exact same proof and will proceed regardless of whether the Sixth Circuit grants Defendants' appeal petitions.

Second, even though it is not controlling case law, the Tosh Defendants in particular misconstrue the holding of Andrews v. Chevy Chase Bank in their brief. It is not correct that "[t]he fact that a party 'would have to send notices, provide discovery and respond to claims even though the class action might not proceed' outweighs any interest Plaintiffs may allege in arguing against a stay." [D.E. 252-1 at 4] (citing Andrews, 474 F.Supp.2d at 1010). The court in Andrews did not hold that expenses incurred by defendant for notices, discovery and claim responses trump *any* interest that plaintiffs might have for opposing a stay. Instead, when it granted the defendant's stay request pending review of the court's class action certification, the Andrews court noted its decision was based on the fact that its certification of the class implicated significant questions of law that the Court of Appeals would need to clarify, specifically referencing a circuit split on the matter. Id. Thus, the question of irreparable harm had virtually no impact on the Andrews court's decision to grant a stay, regardless of the potential expenses cited by the defendant in that case. As a result, Andrews is distinguishable from this case. Although Defendants claim otherwise [D.E. 252-2 at 15-16], there are no important or unsettled issues of law pertaining to class certification that necessitate a stay pending review by the Sixth Circuit. This Court's certification of claims against Defendant Ron Davis was proper (Exhibit 1 at 15-17), as was the Court's review of the reports submitted by each party's experts (Exhibit 1 at 19-20).

**C. A stay will substantially injure Plaintiffs and class members.**

Unlike the Defendants, the Plaintiffs and the public will be substantially injured by a stay of proceedings in this Court. Because the nature of Plaintiffs' claims concerns the ongoing emission of noxious odors from Defendants' hog barns that has caused physical discomfort, mental anguish, and reduction of property value, the named Plaintiffs in their original Complaint moved for an injunction to immediately halt the operation of Defendants' hog barns.[4] Accordingly, a stay of all proceedings would needlessly prolong Plaintiffs' damages and indefinitely postpone acquisition of injunctive relief allowing ongoing harm. Moreover, as set forth above, even if the Sixth Circuit ultimately vacates this Court's class certification order it will have no effect on the claims brought by the named Plaintiffs in this case. Thus, a stay would unnecessarily prolong this case and Plaintiffs' request for injunctive relief.

**D. A stay will not serve the public interest.**

Both the Tosh Defendants and the Howell/Davis Defendants assert that a stay of district court proceedings pending Sixth Circuit review of class certification would serve the public interest, though for differing reasons. The Tosh Defendants allege that a stay will avoid a waste of judicial resources. [D.E. 252-1 at 5.] The Howell/Davis Defendants argue that the potential for unwarranted settlements due to "economic forces" warrants a stay pending review of class certification. [D.E. 252 at 4.] Both of these arguments fail to demonstrate that the public interest is served by a stay. As to the assertion made by the Tosh Defendants that a stay will prevent the Court from wasting its time and effort should the Sixth Circuit vacate of modify the class certification order, the opposite is in fact the case. Although Tosh Defendants claim that "[i]f a stay is not granted, the Court may be called to rule on and oversee matters that would be directly

---

[4] The prayer for relief in Plaintiffs' original complaint [D.E. 1-2 at 28] was incorporated by reference in Plaintiffs' most recent, Second Amended Complaint [D.E. 201 at 5].

at issue in the Tosh Defendants' petition and appeal" [D.E. 252-1 at 5], the fact is that, as set forth above, a reversal or modification of the class certification order does not preclude the named Plaintiffs from individual recovery. Thus, even if the Sixth Circuit modifies or vacates this Court's class certification, Plaintiffs' individual claims will proceed unaffected since class certification has no bearing on the merits of Plaintiffs' claims. Therefore, there is no waste of public resources by proceeding with the case in the district court.

The assertion by the Howell/Davis Defendants that a stay is in the public interest because it will avoid "unwarranted" settlements as a result of "economic forces" [D.E. 251 at 4] is completely unsupported. The Howell/Davis Defendants merely argue that their filing of a petition for appeal accorded with one of the purposes of Fed.R.Civ.P. 23(f), that is, a class certification order "can put sufficient pressure on a defendant to settle" that the order, if not challenged, "is effectively the termination of the liability litigation." [D.E. 251 at 4.] However, the absence of a stay of the proceedings against the Howell/Davis Defendants in this Court while the Sixth Circuit reviews the class certification order will not promote "unwarranted settlements" as a result of economic pressure nor promote "unwarranted prejudice" against the Defendants. Id. The Howell/Davis Defendants will have to incur expenses to defend against Plaintiffs' individual claims regardless of whether the class certification is ultimately upheld, and thus will face the same economic burden with or without a stay. See Beattie, 2006 WL 1722207, *8 ("[a]lthough the defendant may have to bear the cost of some discovery before the court of appeals issues a decision, it is not clear that the public interest is threatened by such that a stay of all discovery is needed").

Notwithstanding Defendants' arguments to the contrary, multiple public interests in this case militate against a stay. First of all, this case involves a nuisance that continues to affect not

only the named Plaintiffs but all the members of the proposed class, as well as additional members of the public who experience hog barn emissions but do not come within the class definition. Whether one considers the claims asserted by the named Plaintiffs, the members of the class, or the community at large, the ongoing emission of noxious odors from Defendants' hog barns necessitates a swift resolution of this case. Defendants' ongoing emissions not only harm Plaintiffs by reducing the value of their land, this nuisance also reduces property values in the immediate community. In this respect, the public interest weighs against a stay.

Finally, with respect to public interest, even if the Court were to consider potential confusion that may result if the Court of Appeals were to vacate or modify the class certification order after notice has been disseminated to class members, a district court need not stay all district court proceedings to avoid such a result. See Jenkins v. Hyundai Motor Fin. Co., 70 Fed. R. Serv. 3d 1166 (S.D. Ohio 2008) (approving a stay only as to the dissemination of the class notice). However, given the unlikely event (1) that Defendants' appeal petitions will be granted and the class certification vacated combined with (2) the relatively small, geographically-limited class size, the public interest in this case weighs against a stay in all respects.

## CONCLUSION

Because Defendants have failed to meet the burden required to stay all district court proceedings in this case pending appeal pursuant to the four-factor test, Defendants' respective motions to stay should be denied.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFFS

BY: /s/ William R. Garmer
William R. Garmer
Jerome P. Prather
Garmer & Prather, PLLC

141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9351
Facsimile: (859) 233-9769
Email: bgarmer@garmerprather.com
Email: jprather@garmerprather.com

W. Henry Graddy
Randal A. Strobo
W.H. Graddy & Associates
103 Railroad Street
P.O. Box 4307
Midway, KY 40347

John S. Harbison
573 Coon Hill Road
Colchester, VT 05446

Diana Riddick
4689 Egners Ferry Road
Benton, KY 42025

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander M. Bullock
Stewart D. Fried
Kilpatrick Townsend & Stockton, LLP
607 14th Street, NW, Suite 900
Washington, DC 20005-2018
ATTORNEY FOR BACON BY GOSH, INC.

John William Walters
Drew B. Meadows
Golden & Walters, PLLC
771 Corporate Drive, Suite 905
Lexington, KY 40503
ATTORNEY FOR JIMMY TOSH, TOSH FARMS, LLC, TOSH FARMS GENERAL PARTNERSHIP, PIG PALACE, LLC, SHILOH HILS, LLC, AND TOSH PORK, LLC

B. Scott Jones
Matthew T. Lockaby
Reminger Co., LPA
One Riverfront Plaza
401 W. Main Street, Ste. 710
Louisville, KY 40202
ATTORNEY FOR JIMMY TOSH AND TOSH FARMS, LLC

Van F. Sims
Boswell Sims & Vasseur, PLLC
PO Box 1265
Paducah, KY 42002-1265
ATTORNEY FOR ERIC HOWELL, RON DAVIS, AND HEATHER HOWELL DAVIS

BY: /s/ William R. Garmer
ATTORNEY FOR PLAINTIFFS