UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00121-TBR

TERRY POWELL, JANETTE POWELL,
RHONDA FREE, GERALD FREEMAN,
WILLIAM CASTLEBERRY, DARRIN CHAPMAN,
TAMMY CHAPMAN, MIKE ROBERTSON,
LISA ROBERTSON, ROBERT WILEY,
CYNTHIA WILEY, JAMEY POWELL,
WINFORD HAM, TERESA MCMULLIN,
MICHAEL JORDAN, KANDIS JORDAN,
JERRY THOMPSON, MITCH HILL,
TOMMY POWELL, BRIDGET POWELL,
LIA THOMPSON, TERRY ALLEN,
DENITA ALLEN, CLINT GRAVES,
ASHLEY GRAVES, KEVIN GROVES,
LARRY PEARSON, KATHY PEARSON,
BRENDA JORDAN, BRADLEY HALL,
KAREN HALL, CHUCK SYKES and
LISA SYKES

                                                                            PLAINTIFFS

v.              **WESTFIELD'S REPLY TO RESPONSE IN**
                **OPPOSITION TO WESTFIELD AND ANPAC'S**
            **MOTIONS FOR LEAVE TO FILE INTERVENING COMPLAINT**


JIMMY TOSH, TOSH FARMS, LLC,
TOSH FARMS GENERAL PARTNERSHIP,
PIG PALACE, LLC, SHILOH HILLS, LLC,
BACON BY GOSH, INC,
ERIC HOWELL, RON DAVIS and
HEATHER HOWELL DAVIS,

                                                                            DEFENDANTS

AND

WESTFIELD INSURANCE COMPANY,

                                                                INTERVENING PLAINTIFF

AND

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY,

INTERVENING PLAINTIFF

v.

TERRY POWELL, JANETTE POWELL,
RHONDA FREE, GERALD FREEMAN,
WILLIAM CASTLEBERRY, DARRIN CHAPMAN,
TAMMY CHAPMAN, MIKE ROBERTSON,
LISA ROBERTSON, ROBERT WILEY,
CYNTHIA WILEY, JAMEY POWELL,
WINFORD HAM, TERESA MCMULLIN,
MICHAEL JORDAN, KANDIS JORDAN,
JERRY THOMPSON, MITCH HILL,
TOMMY POWELL, BRIDGET POWELL,
LIA THOMPSON, TERRY ALLEN,
DENITA ALLEN, CLINT GRAVES,
ASHLEY GRAVES, KEVIN GROVES,
LARRY PEARSON, KATHY PEARSON,
BRENDA JORDAN, BRADLEY HALL,
KAREN HALL, CHUCK SYKES and
LISA SYKES

INTERVENING DEFENDANTS

AND

JIMMY TOSH, TOSH FARMS, LLC,
TOSH FARMS GENERAL PARTNERSHIP,
PIG PALACE, LLC, SHILOH HILLS, LLC,
BACON BY GOSH, INC,
ERIC HOWELL, RON DAVIS and
HEATHER HOWELL DAVIS,

INTERVENING DEFENDANTS

Prospective Intervening Plaintiffs, Westfield Insurance Company and American National Property and Casualty Company have each filed a Motion with this Honorable Court, seeking leave to file an Intervening Complaint addressing various interconnected coverage issues. The intervening defendants have filed responses in opposition to such intervention. One response was filed by the Plaintiffs in the tort action ("the Powell response"). The other was filed by the tort Defendants ("the Tosh response"). For the reasons discussed in Westfield's and ANPAC's

2

initial briefs, and further addressed herein, Westfield's and ANPAC's motions should both be granted, and both carriers should be permitted to intervene in the present pending action.

## I.   SUPPLEMENTAL FACTUAL AND PROCEDURAL BACKGROUND AND DEVELOPMENTS

As noted throughout the Powell and Tosh responses, a jury trial was scheduled in this action for April 9, 2012.  There has been considerable discovery taken, and the discovery cut off was set for earlier this month.  In addition, the Court granted, in part, the tort plaintiffs' motion to certify a class with respect to some claims against some defendants.  Subsequently, the tort defendants filed a motion asking the Court to stay the suit pending an interlocutory appeal.

Since the Powell and Tosh responses were filed, the Court conducted a scheduling conference.  During this conference, conducted on December 20, 2011, the Court advised that it was vacating its Order certifying the class.  The Court subsequently entered an order vacating the Order certifying the class and continuing the deadlines for filing dispositive motions and *Daubert* motions pending the Court's review of the class certification issues.

## II.   INTERVENTION AS OF RIGHT

The bulk (13.5 out of 16 pages) of the Powell response addressed intervention as of right. As noted in the first sentence of Westfield's Motion for Leave to Intervene, Westfield noted that it was seeking to intervene "pursuant to Rule 24(b) of the Federal Rules of Civil Procedure". Westfield is not seeking intervention as of right, which is governed by Rule 24(a) of the Federal Rules of Civil Procedure.  As such, Part II of the Powell response is irrelevant.

## III.   PERMISSIVE INTERVENTION

Westfield and ANPAC both seek to intervene pursuant to Federal Rule of Civil Procedure 24(b), which provides:

> (1)  In General.  On timely motion, the court may permit anyone to intervene who:
>
> .  .  .
>
> (B)  has a claim or defense that shares with the main action a common question of law or fact.

As this Honorable Court has noted, "[t]he Sixth Circuit has held that Rule 24 'should be broadly construed in favor of potential intervenors.'"  *Karst Env'l Educ. & Protection, Inc. v. Fed. Hwy. Admin.*, 2011 WL 1434608 at \*2 (W.D. Ky. 2011)(quoting *Coal. To Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007)(quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991))).  The timeliness of a motion to intervene is fact-sensitive, and "should be evaluated in the context of all relevant circumstances."  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)(quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

### A.  Timeliness and Prejudice

Although the Rule requires that a petition to intervene (whether under Rule 24(a) or Rule 24(b)) be timely, the actual amount of time before the petition is filed is not dispositive.  As the Fifth Circuit of the United States Court of Appeals explained in *Sierra Club v. Espy*, a case favored by the tort plaintiffs herein in their brief opposing intervention:

> The analysis is contextual; absolute measures of timeliness should be ignored.  [*Stallworth v. Monsanto Co.*, 558 F.2d 257,] 266 [(5th Cir. 1977)](citation omitted).  The acquirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)(citation omitted).  Federal courts should allow intervention "where no one would be hurt and greater justice could be attained."  *Id.* (citation omitted).

18 F.3d 1202, 1025 (5th Cir. 1994).  *Sierra Club v. Espy* was cited favorably by the Sixth Circuit in *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) and described as an "unambiguous decision" by this Honorable Court in *Karst*, *supra*.

A federal court in Wisconsin held that timeliness was not the critical factor in determining whether a motion to intervene was timely. *U.S. v. Thorson*, 219 F.R.D. 623 (W.D. Wis. 2003). Although *Thorson* addresses intervention as of right, the analysis is still relevant as timeliness is a factor both under Rule 24(a) and (b). The *Thorson* court stated:

> However, the passage of time is not the only factor or the most important factor in deciding whether a motion to intervene is timely. Rather, "the most important consideration . . . is whether the delay in moving for intervention . . . will prejudice the existing parties to the case."

*Id*. at 628 (quoting *People Who Care v. O'Brien*, 68 F.3d 172, 176 (7th Cir. 1995)(citation omitted)).

It is correct that a lengthy period of time passed between when the insurers knew of the lawsuit and when the motions to intervene were filed. Initially in this case, Westfield explored the possibility of seeking intervention, but elected instead to continue monitoring the action while simultaneously defending the Tosh defendants under a reservation of rights. As noted in Westfield's original Motion for Leave to Intervene, two things occurred which led Westfield to seek intervention.

First was the partial grant of class certification. Such a ruling would have expanded the class of plaintiffs considerably, likely vacating the April trial date and leading to discovery on new claims from brand new plaintiffs. This was a logical time for Westfield to begin attending depositions and receiving pleadings and discovery responses. Doing so would assist in determining whether the insurance policies at issue provided coverage for any of these new individuals' claims.

The class certification also considerably changed Westfield's interest in the underlying case. Westfield is presently defending under a reservation of rights. That likely would not be affected by the number of plaintiffs at issue. However, Westfield is also contesting its obligation

to indemnify the Tosh defendants for any judgment or settlement which might be entered against them.  Indemnifying Tosh for the claims of fifteen or twenty individuals involves a substantially different risk than does indemnifying Tosh against the claims of potentially hundreds of individuals.  Westfield filed its Motion for Leave to Intervene less than a month after it learned of the partial class action certification.

The second changed circumstance was ANPAC's decision to move for intervention.  The two insurers' proposed Complaints for Declaratory Judgment overlap considerably and address the same issues.  It would be impractical and contrary to the goal of judicial economy to litigate the two insurers' motions in separate actions.  To the contrary, ANPAC's and Westfield's Complaints must be addressed together.  When ANPAC filed its Motion to Intervene, Westfield needed to do so as well.

Although a substantial period of time passed between the inception of the present lawsuit and the insurers' motions to intervene, that does not render them untimely.  To the contrary, when "all relevant circumstances" are considered, the motions were timely.  When Westfield learned of the possible extent of its interest – indemnifying against hundreds of new plaintiffs, rather than the original small group of individuals – it filed its Motion for Leave to Intervene within a month. So did ANPAC.  This was timely.

As the *Thorson* opinion noted, prejudice to the original parties should be the main concern in deciding whether to permit intervention.  Throughout their responses in opposition to intervention, both the original plaintiffs and defendants argue that intervention would prejudice them by (1) compromising their April, 2012, trial date; (2) necessitating the extension of lapsed discovery deadlines; (3) reopening discovery; and (4) forcing them to litigate the tort action and

coverage action simultaneously.  As the Court is well aware, circumstances have now changed considerably in light of the Court's most recent order.

Since filing its Motion for Leave to Intervene, Westfield has sought to minimize any prejudice to the Tosh defendants.  Indeed, Westfield's counsel advised Tosh's attorney in writing that it was not Westfield's intent to replicate any discovery that had already been conducted.  In addition, Westfield's counsel advised that it had no intention to interfere with Tosh's defense of the underlying suit.  Westfield agreed not to initiate any discovery or pursue any dispositive motions prior to the April trial date, so that Tosh would not have to actively defend both simultaneously.  A true and accurate copy of that correspondence is attached hereto as **Exhibit A**.  It has not been Westfield's intent in any manner to derail the underlying case in any way.

Indeed, allowing Westfield and ANPAC to intervene in this action would decrease the need for duplicative discovery.  For example, Westfield's counsel has secured depositions of many of the tort plaintiffs which address the coverage issues with sufficient specificity that Westfield believes that follow-up depositions may not be necessary for some of the Plaintiffs.  If, as suggested in the Powell response, Westfield and/or ANPAC were to be compelled to initiate a separate coverage action, all of those depositions may have to be retaken.  Allowing the proposed intervention will save time and expense for all involved.

### B.      Common Question of Law or Fact

The Powell response identified two foreign cases which held that an insurer does not have a direct interest in an underlying tort action against its insured.  *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629 (1st Cir. 1989); *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871 (2d Cir. 1984).  These two cases are distinguishable insofar as they addressed whether the insurer could intervene as of right, which has different requirements.

7

Westfield is seeking permissive intervention.  Such permissive intervention is certainly permitted by Kentucky state courts.  *E.g. Beacon Ins. Co. of America v. State Farm Mut. Ins. Co.*, 795 S.W.2d 62 (Ky. 1990); *Edwards v. Carlisle*, 179 S.W.3d 257 (Ky. App. 2004).

The opinion of the Nevada district court in *Fidelity Bankers Life Insurance Company v. Wedco, Inc.*, 102 F.R.D. 41 (D. Nev. 1984) is more relevant than the plaintiffs' cases.  In *Fidelity Bankers*, the insured was sued in a tort action and punitive damages were sought.  The insurer had denied coverage, in part, based on the policy's intentional act exclusion.  It sought to intervene in the tort action for three purposes: (1) to attend discovery proceedings; (2) to receive copies of all correspondence, pleadings and discovery; and (3) to submit special interrogatories to the jury.  The court concluded that there was a common question of fact between the tort action and coverage action, and allowed intervention to proceed.  It noted that "the possibility that relitigation of the same issue may be avoided is a strong reason to permit intervention."  *Id*. at 44.

In the present case, the Powell plaintiffs are alleging that they sustained injury as a result of the alleged dispersal of manure and odor from the Tosh/Davis hog operations.  The nature of the plaintiffs' alleged injuries is a common question of fact between the tort and coverage actions.  Similarly, some of the plaintiffs' allegations constitute intentional torts.  To the extent that any claim requires an intent to harm, proving such an assertion would – of necessity – implicate the intentional act exclusion in the policies.  Further, any contention that the plaintiffs' claims resulted from the discharge of manure or odors shares a common question of fact with the coverage issue of whether the policies' pollution and fungi exclusions apply.  Contrary to the arguments made in both the Powell and Tosh responses, the coverage and tort actions share common factual and legal questions.

The elements contained in Federal Rule of Civil Procedure 24(b) are established, and Westfield's Motion for Leave to Intervene should be granted.

## IV.    LACHES

The Powell plaintiffs further claim that Westfield and ANPAC's motions are barred by the doctrine of laches, as much time passed before the motions were filed and the plaintiffs were irreparably harmed by the delay.  The plaintiffs did not establish how the delay in filing harmed them.  Discovery will not have to be repeated.  To the contrary, Westfield and ANPAC will be allowed to participate in discovery prospectively.  Certainly, any increased cost and effort required by the insurers' prospective intervention would be substantially less than the cost and effort required in simultaneously litigating two separate actions, beginning discovery anew in the separate coverage action, and having to educate a second judge of the intricacies of this case. There is no basis for the Powell plaintiffs' laches argument.

## V.    CONCLUSION

For the reasons herein and in Westfield's original Motion for Leave to Intervene to File Intervening Complaint for Declaratory Judgment,[1] Westfield is entitled to the relief sought, and would request an Order from this Honorable Court permitting it leave to file its Intervening Complaint for Declaratory Judgment.

---

[1]    As well as in ANPAC's Motion, Memorandum and Reply, which Westfield incorporates by reference.

9

WATERS, TYLER,
HOFMANN & SCOTT, LLC

By:  /s/ Scott L. Tyler_____
Scott L. Tyler, Atty.#16218-10
WATERS, TYLER, HOFMANN & SCOTT, LLC
1947 East Spring Street
New Albany, IN 47150
(812) 949-1114
styler@wthslaw.com
*Counsel for Intervening Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2011 a copy of the foregoing "Westfield's Reply to Response in Opposition to Westfield and ANPAC's Motions for Leave to File Intervening Complaint" was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Hon. W. Henry Graddy, IV
Hon. Randall A. Strobo
Hon. Elizabeth R. Bennett
W.H. GRADDY & ASSOCIATES
103 Main Street
P.O. Box 4307
Midway, KY 40347
Hank.graddy@aol.com
Co-Counsel for Plaintiffs

Hon. Diana Riddick
4689 Egners Ferry Road
Benton, KY 42025
dianariddick@mchsi.com
Co-Counsel for Plaintiffs

Hon. John Harbison
573 Coon Hill
Colchester, VT 05446
johnharbison@comcast.net
Co-Counsel for Plaintiffs

Hon. Barton D. Darrell
Hon. Amanda L. Blackman

BELL, ORR, AYERS & MOORE, P.S.C.
1010 College Street
P.O. Box 738
Bowling Green, KY 42102-0738
Darrell@boamlaw.com
Blakeman@boamlaw.com
nla@boamlaw.com
Counsel for Defendant,
Bacon by Gosh, Inc.

Hon. Van F. Sims
BOSWELL, SIMS & VASSEUR, PLLC
425 South Sixth Street
P.O. Box 1265
Paducah, KY 42002-1265
vsims@boswell-law.com
mbelter@boswell-law.com
wbelt@boswell-law.com
Counsel for Defendants, Eric Howell,
Ron Davis, Heather Howell Davis

Hon. Drew Byron Meadows
GOLDEN & WALTERS, PLLC
771 Corporate Drive, Suite 905
Lexington, KY 40503
john@goldenandwalters.com
drew@goldenandwalters.com
Counsel for Defendants,
Jimmy Tosh, Tosh Farms, LLC,
Tosh Farms General Partnership,
Pig Palace, LLC, Shiloh Hills, LLC,
And Tosh Pork, LLC

David A. Harris
Dilbeck Myers & Harris, PLLC
239 S. Fifth Street
Suite 1100
Louisville, KY 40202
dharris@dilbeckandmyers.com
Counsel for ANPAC

___/s/ Scott L. Tyler_____
Scott L. Tyler

WATERS, TYLER,
HOFMANN & SCOTT, LLC
1947 East Spring Street
New Albany, IN 47150
(812) 949-1114