UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-121

TERRY POWELL, ET AL.                                                                      PLAINTIFFS

V.

JIMMY TOSH, ET AL.                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon American National Property and Casualty Company's and Westfield Insurance Company's motions to intervene (DN 257, DN 259). Plaintiffs and Defendants have filed responses (DN 270, DN 271). American National Property and Casualty Company and Westfield Insurance Company have filed replies (DN 278, DN 279). This matter is now ripe for adjudication. For the following reasons, the movants' motions to intervene are DENIED.

## BACKGROUND

Plaintiffs, who are residents and property owners in Marshall County, Kentucky, filed suit against the defendants in May 2009. Defendants Eric Howell, Ron Davis and Heather Howell Davis (collectively the "Defendant Farmers") are Marshall County residents and property owners who have constructed swine barns on their property. Plaintiffs allege that the swine barns were built according to the instructions of Tosh Farms General Partnership and pursuant to a Swine Service Agreement with Tosh Farms General Partnership. Plaintiffs contend that these swine barns are a nuisance and have caused them injury.

Plaintiffs have also brought claims against the following entities: Jimmy Tosh; Tosh Farms, LLC; Shiloh Hills, LLC; Pig Palace, LLC; Bacon by Gosh, Inc.; and Tosh Pork, LLC

(collectively the "Tosh Defendants"). Jimmy Tosh and his family own several affiliated companies which are engaged in commercial swine farming in both Kentucky and Tennessee. Each of these companies is engaged in a particular aspect of the swine farming industry. These entities contract with growers, like the Defendant Farmers, in Tennessee and Kentucky to raise these swine from juveniles to market-ready adults.

American National Property and Casualty Company (ANPAC) issued to Jimmy Tosh, Tosh Farms, Tosh Farms, LLC, and Bacon By Gosh, Inc. policies of insurance which provide liability coverage to these entities. ANPAC has also issued to the Farmer Defendants policies of insurance which provide liability coverage. ANPAC is providing a defense in this action to the Tosh Defendants and the Farmer Defendants under a reservation of rights. ANPAC now seeks to intervene in this action for a declaration of its rights and obligations to the defendants under the respective insurance policies.

Westfield Insurance Company (Westfield) also issued various insurance policies to the following Tosh entities: Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; and Bacon by Gosh, LLC. Westfield also seeks to intervene in this action, stating that there is a dispute as to whether any of the insurance policies issued by Westfield to the Tosh entities provide coverage for any of the allegations raised by Plaintiffs against the Tosh Defendants.

Plaintiffs oppose ANPAC's and Westfield's motions to intervene because (1) the motions are untimely, (2) the intervention would unduly delay an already complicated and demanding case, and (3) the intervention would significantly prejudice the original parties. Plaintiffs also contend that ANPAC's and Westfield's motions to intervene are barred by the doctrine of laches. Likewise, the Tosh Defendants oppose ANPAC's and Westfield's motions to intervene because

(1) the motions are not timely, (2) the purpose for which intervention is sought is irrelevant to the current action, (3) the insurance carriers knew or should have known to intervene significantly sooner, (4) the defendants would be prejudiced by the intervenors' failure to promptly intervene, and (5) there are no unusual circumstances militating in favor of intervention.

## ANALYSIS

Both ANPAC and Westfield seek this Court's permission to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b).  Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Thus, "[t]o intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact.  Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *United States v. Michigan,* 424 F.3d 438, 445 (6th Cir.2005) (internal citations omitted).

1. **Common Question of Law or Fact**

ANPAC generically asserts that its intervening complaint for a declaration of rights asserts a claim that shares common questions of fact with the main action because the facts which will determine whether the defendants are liable to the plaintiffs are the same facts which will determine whether ANPAC's insurance policies provide coverage to the defendants for the plaintiffs' claims.  Westfield more specifically asserts that because Plaintiffs have asserted

intentional torts claims, proving such an assertion would implicate the intentional act exclusion in its policies. Westfield further asserts that whether the plaintiffs' claims arise out of the discharge of manure or odors shares a common question of fact with the coverage issue of whether certain pollution and fungi exclusions apply.

In this action, Plaintiffs have asserted claims against Defendants for, among other things, battery and trespass. The alleged intentional acts of Defendants, if proven at trial, may lead to a determination that Defendants have acted outside the scope of protection afforded by the relevant insurance policies. Thus, the future defenses of the insurance companies share at least one common fact with the main action.

## 2. Timeliness of Motions to Intervene

The timeliness aspect of a motion to intervene is "evaluated in the context of all the relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000). The following factors are to be considered in this analysis:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id*.

The first timeliness factor – the point to which this suit has progressed – does not weigh in favor of timeliness. ANPAC contends that its motion to intervene is timely because the Complaint was amended as recently as May 2011, and a new scheduling order was entered in May 2011, extending certain deadlines in this action. ANPAC further contends that its potential legal obligations will not be fully known until a judgment is rendered against the Farmer

Defendants, Jimmy Tosh, and/or the Tosh entities. Westfield contends that its motion to intervene was timely because it was filed less than a month after this Court partially granted Plaintiffs' motion to certify a class. Despite these recent developments and orders, this action was filed over two and a half years ago. The Court has ruled on Defendants' two motions to dismiss, Plaintiffs' motion to certify the class,[1] and countless discovery motions. At this time, discovery in this action is substantially complete and trial is currently scheduled for April 9, 2012. This litigation has made extensive progress before ANPAC and Westfield moved to intervene, and allowing intervention now would impede this progress. Accordingly, this factor weighs strongly against ANPAC and Westfield.

The second factor – the purpose for which intervention is sought – also does not weigh in favor of timeliness. ANPAC and Westfield both seek to intervene in this action for a declaration that they have no duty to defend or indemnify the defendants for the claims asserted by Plaintiffs in this action. This coverage issue is unrelated to the determination of liability for the nuisance and other various claims at issue between Plaintiffs and the defendants. *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005). In similar situations, other courts have denied insurer's motions for permissive intervention for purposes of determining coverage issues. *See, e.g., Nautilus Ins. Co. ex rel. Ecklebarger v. C.C. Rider, Inc.*, 2002 WL 32073073 at *2-3 (N.D. Ind. 2002) ("However, as discussed supra, Property Owners coverage claim is unrelated to the claims to be litigated here, so, as a matter of law, Property Owners cannot intervene."). Furthermore, the issue of the intervening insurance companies' duties to indemnify is not ripe until their insured are in fact held liable in this action. Finally, ANPAC's

---

[1] Although the Court partially granted Plaintiffs' motion to certify the class, this ruling is subject to the Court's reconsideration of the propriety of that decision.

and Westfield's participation in this action is not their only available means for seeking relief, as they can pursue their claims in a separate declaratory judgment action.

The third factor also weighs against timeliness. Neither ANPAC nor Westfield asserts that it only recently learned of its interest in this action. Instead, ANPAC and Westfield have known of their interest in this action from its inception or shortly thereafter because they have been defending the defendants under a reservation of rights. Yet, ANPAC and Westfield only sought to intervene in this action more than 30 months after the Complaint was filed. Furthermore, neither ANPAC nor Westfield asserts any reason why such a delay was reasonable.

The fourth factor – prejudice to the original parties caused by a failure to promptly intervene – also weighs against timeliness. Allowing intervention now would necessarily cause the defendants to divide their attention between preparing for the upcoming trial on the issue of liability and establishing the existence of coverage under the various insurance policies. Further, a determination of whether an insured has a duty to defend must be made at the outset of the litigation by reference to the complaint and known facts. *Lenning v. Commercial Union Ins. Co.*, 250 F.3d 574, 581 (6th Cir. 2001) (citing *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991). A determination that the insurers do not owe a duty to defend to Defendants at this late stage of the litigation would cause great delay and prejudice to the defendants. Ultimately, whether or not the ANPAC and/or Westfield insurance policies provide coverage for the claims alleged in the Complaint are irrelevant collateral issues which will merely serve to complicate and ultimately delay the final resolution of this action. Accordingly, allowing ANPAC and Westfield to intervene at this late stage will unduly prejudice the original parties.

Finally, neither intervenor argues that any unusual circumstances militate in favor of intervention. For these reasons, the Court finds that ANPAC's and Westfield's motions to intervene were not timely.

### 3. Balancing the Undue Delay and Prejudice to the Original Parties

Even if ANPAC and Westfield's motions to intervene could be considered timely, this Court would not allow intervention because of the undue delay and prejudice to the original parties. ANPAC and Westfield are currently defending the Tosh Defendants and the Farmer Defendants under reservations of rights. If ANPAC and Westfield were allowed to intervene, this may, as a practical matter, deter settlement and exacerbate a potential conflict of interest for the attorneys furnished by ANPAC and Westfield to represent the defendants. *See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871, 877 (2d Cir. 1984); *Nieto v. Kapoor*, 61 F. Supp. 2d 1177, 1195 (Dist. N.M. 1999). As another court has stated, where a policy contains a willful conduct exclusion, "a conflict exists between the insurers who would be just as happy to see willful conduct proved, and the insured, who wants any liability to be covered by the policy." *Davila v. Arlasky*, 141 F.R.D. 68, 72 (N.D. Ill. 1991).

On the other hand, denying ANPAC's and Westfield's motions to intervene will not prejudice any of the parties involved. ANPAC and Westfield may file a separate declaratory judgment action for the purposes of determining their duties to defend and their duties to indemnify. As discussed above, factual determinations made at trial may lead to a determination that Defendants have acted outside the scope of protection afforded by the relevant insurance policies. For this reason, it is prudent that any determinations as to the insurers' duties to defend and indemnify be made after a trial on the liability of the defendants so as not to preclude the plaintiffs from litigating an issue in their own law suit. Finally, the Court finds ANPAC's

concern that proceeding by separate declaratory judgment action would cause duplicative discovery to be groundless, as discovery from this action may be used in any separate action to determine the coverage issues.

## CONCLUSION

For the foregoing reasons, ANPAC's and Westfield's motions to intervene (DN 257 and DN 259) are DENIED.