## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 5:09-CV-121

TERRY POWELL, et al.                                                    PLAINTIFFS

V.

JIMMY TOSH, et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Heather Howell Davis's, Ron Davis's, and Eric

Howell's (the Farmer Defendants') Motion to Stay District Court Proceedings (DN 296).

Defendants Shiloh Hills, LLC, Jimmy Tosh, Tosh Farms General Partnership, Tosh Farms, LLC,

and Tosh Pork, LLC (the Tosh Defendants) have also filed a Motion to Stay Pending Appeal of

Court's Class Certification Order (DN 292).  Plaintiffs have filed their responses (DN 301).  The

Davis and Howell Defendants have filed their reply (DN 305).  The Tosh Defendants have filed

their reply (DN 304).  This matter is now ripe for adjudication.  For the reasons that follow,

Defendants' motions (DN 296 and 292) are GRANTED.

## BACKGROUND

This Court granted Plaintiffs' motion for class certification on March 2, 2012, certifying

a class for all current and former residents and property owners within a 1.25 mile radius of

Defendant Ron Davis's Tosh Farms Standard Hog Barn in Marshall County, Kentucky (DN

245).  The Court certified the following claims: temporary nuisance, permanent nuisance,

trespass, negligence, negligence per se, product liability, punitive damages, and civil conspiracy.

Furthermore, the Court found that the following defendants were proper class defendants: Jimmy

Tosh, Tosh Farms General Partnership, Shiloh Hills, Tosh Pork.  The facts relating to these claims are more fully set out in the March 2, 2012 order granting class certification.

The Tosh Defendants filed a petition for leave to appeal with the Sixth Circuit Court of Appeals pursuant to Federal Rule of Civil Procedure 23(f) on March 14, 2012.  The Tosh Defendants and the Farmer Defendants then filed separate motions to stay this district court proceeding pending resolution of the Tosh Defendants' petition for leave to appeal.  The Tosh Defendants ask this Court to stay the proceedings until their petition for leave to appeal has been resolved, or if their petition is granted, until their appeal has concluded.  The Farmer Defendants likewise seek to stay all of the proceedings in this case while the Tosh Defendants' petition is resolved, and if granted, for the duration of any appeal.  Plaintiffs oppose Defendants' motions and wish to proceed with the class notification process.

## STANDARD

Under Federal Rule of Civil Procedure 23(f), "A court of appeal may permit an appeal from an order granting or denying class-action certification . . . ."  However, "[a]n appeal does not stay proceedings in the district court unless to district judge or the court of appeals so orders."  Fed. R. Civ. P. 23(f).  Ordinarily, a party must "move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."  Fed. R. App. P. 8(a).

A district court balances the following factors in determining whether to enter a stay pending resolution of an appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  "These factors are not prerequisites that must be met, but are interrelated considerations

that must be balanced together." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)). "[A] stay would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Blair v. Equifax Check Servs.*, 181 F.3d 832, 835 (7th Cir. 1999).

## ANALYSIS

### A.  Likelihood of Success

This Court must first analyze the Tosh Defendants' likelihood of success of obtaining a reversal of the Court's decision certifying a class.  An order granting class certification "is subject to a very limited review and will be reversed only upon a strong showing that the district court's decision was a clear abuse of discretion." *Olden v. LaFarge Corp.*, 383 F.3d 495, 507 (6th Cir. 2004).  "The district court maintains substantial discretion in determining whether to certify a class, as it possesses the inherent power to manage and control its own pending litigation." *Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 643 (6th Cir. 2006).

The Tosh Defendants cite numerous grounds for their appeal, and contend that appellate review is likely due to unsettled questions of law.  The Tosh Defendants further contend that statistical analysis supports its position that it is likely to succeed on appeal, as the Sixth Circuit accepts 67% of Rule 23(f) petitions and reverses the district court's class certification 70% of the time.  Although the Court has no reason to doubt these statistics, the Court does note that they are immaterial to a determination of whether the defendants in this action are likely to succeed on appeal.  The Court will examine the arguments made by the Tosh Defendants in their petition for leave to appeal to determine whether they are likely to succeed on each ground.

### 1.  Rule 23(a) and (23)(b) Requirements

The Tosh Defendants contend that this Court's Order was not consistent with Rule 23(a) because there are not common questions of law or fact and because the plaintiffs' claims are not typical of the class claims.  The Tosh Defendants further contend that this Court's Order was not consistent with Rule 23(b)(3) because common issues do not predominate and the class device is not the superior method of adjudicating this case.  As this Court has twice examined and twice concluded that the putative class members surrounding the Ron Davis Hog Barn have met the Rule 23(a) and Rule 23(b) requirements, it similarly cannot not now conclude that the Tosh Defendants are likely to succeed on this argument on appeal.  The Court set forth its analysis of the Rule 23(a) and Rule 23(b)(3) requirements in its March 2, 2012 Memorandum Opinion and need not reiterate the analysis for the purposes of the defendants' motions to stay.  Although the Court recognizes that the class certification issue was a difficult and close issue in this case, it cannot conclude that the Tosh Defendants are likely to succeed on its argument that the certified class did not meet the Rule 23 requirements for certification.

　　　2.  *Proper Defendants and Proper Claims*

The Tosh Defendants contend that this Court erred in finding defendants other than Jimmy Tosh to be appropriate class defendants.  The Tosh Defendants further contend that this Court erroneously certified claims for temporary nuisance, products liability, civil conspiracy, and punitive damages, although Plaintiffs did not seek to certify such claims.  Ultimately, Defendants claim that certification of claims not plead and against defendants other than Jimmy Tosh violated their due process rights.

As discussed in this Court's March 2, 2012 memorandum opinion and order, the Tosh Defendants were not denied notice that the plaintiffs sought class certification against all Tosh Defendants.  This was evidenced by the fact that the Tosh Defendants, in their response to the

plaintiffs' motion for class certification, set forth separate arguments as to why a class should not be certified against Jimmy Tosh and each separate Tosh entity.

Likewise, the Tosh Defendants were not denied notice of the particular claims the plaintiffs asserted against them as each claim, and the factual basis for each claim, was set forth in the plaintiffs' complaints.  Although the Tosh Defendants cite *Anderson v. U.S. Dept. of Hous. & Urban Dev't*, 554 F.3d 525 (5th Cir. 2008), in support of this particular argument on appeal, that case is markedly distinguishable from the case here.  In *Anderson*, the plaintiffs' complaint alleged that the defendants' failure to repair and re-open public housing units in New Orleans following Hurricane Katrina violated the Fair Housing Act, the HANO lease agreements, the Louisiana Civil Code, and the U.S. Constitution.  *Id*. at 527.  After the district court dismissed some of the plaintiffs' claims, the plaintiffs moved for class certification on the remaining claims: (1) HANO and HUD's failure to affirmatively advance fair housing in violation of the FHA; (2) HANO's breach of contract and constructive eviction of the Residents; and (3) HANO and HUD's violation of the Residents' rights to due process.  *Id*.  Finding too many conflicts of interest among the class members, the district court certified a narrower class of African-American residents of public housing developments in New Orleans who were displaced as a result of Hurricane Katrina, and who received vouchers or other forms of rental assistance from the Department of Housing and Urban Development (HUD) or the Housing Authority of New Orleans (HANO), and whose rental assistance did not provide for utility assistance.  *Id*. at 527-28.  On appeal, the Fifth Circuit found that the district court court's certification improper because the complaint did not mention the voucher program or reference the defendants' conduct in administering the voucher program.  *Id*. at 528-29.  Thus, the complaint did not put the defendant on notice that they must defend the voucher program.  *Id*. at

529.  Here, in contrast, all of the claims that were certified by this Court were pled in the Plaintiffs' complaint and were based on the same course of conduct.  Unlike in *Anderson*, the Tosh Defendants were put on notice of the course of conduct which they must defend.  Thus, this argument is likewise not likely to succeed on appeal.

Accordingly, the Court cannot conclude that the Tosh Defendants are likely to succeed on its claim that they did not have "fair notice" of the particular claims and the particular defendants against whom class certification was sought.

   *3.  Rigorous Analysis*

The Tosh Defendants next contend that this Court's March 2, 2012 Memorandum Opinion and Order did not demonstrate a rigorous analysis of the elements of Rule 23(a) and 23(b), and instead "blindly and improperly accepted Plaintiffs' representations as true." Generally, the Tosh Defendants restate the arguments previously made in their response to Plaintiffs' motion for class certification while arguing that this Court did not adequately delve into the specifics of each of the plaintiffs' claims.

This Court's rigorous analysis of the Rule 23 requirements spanned more than twenty pages.  The Court thoroughly examined the plaintiffs' claims and the reports of the parties' expert witnesses to conclude that each of the Rule 23 requirements were met with respect to the Ron Davis Hog Barn.  The Court is not required to make a determination on the merits of the class claims at the certification stage.  Accordingly, the Court cannot conclude that the Tosh Defendants are likely to succeed on their argument that the Court failed to conduct a sufficiently rigorous analysis of the Rule 23 requirements.

**B.  Irreparable Injury**

Defendants assert that they will be irreparably injured if the Court does not stay the proceedings pending the resolution of the Tosh Defendants' appeal. Generally, in evaluating the harm that will occur depending upon whether or not a stay is granted, courts look to the following factors: (1) the substantiality of the alleged injury; (2) the likelihood of its occurrence, and (3) the adequacy of the proof provided. *Michigan Coalition of Radioactive Material Users*, 945 F.2d at 154. However, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Id*. (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

The Tosh Defendants contend that they will be irreparably harmed if they are required to incur the considerable expenses associated with proceeding with this action while their appeal is pending. Specifically, the Tosh Defendants contend they will be forced to participate in class notice, discovery, class member identification, trial preparation, and trial with respect to the class claims. The Farmer Defendants contend that their interest will be adversely affected in that they, and their mutual experts, would be required to attend multiple proceedings if a stay is not entered. The Farmer Defendants further contend that the trial of the plaintiffs' claims in multiple proceedings will significantly increase their legal costs in addition to the cost of being away from their farming operations while having to actively participate in the multiple proceedings.

Although the Defendants would likely incur substantial expenses if the Court were to deny the requested stay of proceedings, the defendants have not shown that these expenses are irreparable. Additionally, the Defendants have not pointed to any likely irreparable injuries that are not in terms of money, time, and energy expended. However, the Court does acknowledge that expenses incurred by both Defendants and Plaintiffs with relation to class issues would be avoided if the matter is de-certified.

**C.  Harm to Others**

The Court also considers the harm to the non-movant in terms of the substantiality, likelihood of occurrence, and adequacy of proof.  *Cuomo*, 772 F.2d at 977.  Plaintiffs assert that they will be substantially injured if the Court does stay the proceedings.  Because the Sixth Circuit's ultimate decision will have no effect on the individual claims brought by the named Plaintiffs in this action, Plaintiffs contend a stay would unnecessarily prolong this case and their request for injunctive relief.  Plaintiffs concerns regarding the noxious emissions of the hog barns have continued since this suit was initiated in 2009.  To the extent these alleged noxious emissions constitute a nuisance, any stay would necessarily prolong this nuisance and increase the damages.  However, these injuries are not irreparable.  Plaintiffs' claims would not be prejudiced by staying the proceedings.

**D.  The Public Interest**

The Tosh Defendants and the Farmer Defendants both contend that granting a stay of this matter is in the public interest because proceeding with this action during the pendency of an appeal would be an inefficient use of time and resources.  Furthermore, Defendants oppose holding separate trials for the plaintiffs' class claims and the plaintiffs' individual claims.  Plaintiffs respond that granting a stay would not be in the public interest because, even if the Sixth Circuit vacates or modifies this Court's order certifying a class, the plaintiffs' individual claims will proceed unaffected.  Plaintiffs additionally argue that, because the class members and the public continue to suffer ongoing harm, the public interest is against a stay.

The Tosh Defendants note that further proceedings in this Court are "inextricably entwined" with the class-certification issues presented in their petition for leave to appeal.  Specifically, the Defendants point to the issue of class notice.  If class notice is published before

resolution of Defendants' appeal, and this Court's order is reversed, a corrective notice would need to be issued.  This would create significant confusion among the potential class members. Because a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members.  Thus, a "district court should stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification." MANUAL FOR COMPLEX LITIGATION § 21.28 at 387 (4th ed. 2008).  The Court finds this a compelling reason for staying the action.

Additionally, the Court is not convinced that the class claims could substantially and meaningfully progress while it is uncertain if the class will ultimately remain certified. Discovery in this case is substantially complete.  The parties have identified most, if not all, of the potential class members, as the parties provided this court with information from the Marshall County Geographical Information System and Property Valuation Administrator listing all residential addresses within 1.25 miles of the Ron Davis Hog Barn.  Because the dissemination of class notice would be stayed while the petition and any allowed appeal are pending, any progress on the class claims would likely be very limited.

Further, proceeding with the individual claims while staying the class claims would present additional difficulties for the Court and the parties.  Separately proceeding with the individual claims and the class claims – and possibly conducting two separate trials – would not be an efficient use of the parties' and the Court's time and resources.  With respect to dispositive motions, the parties and the Court may expend duplicative and wasted efforts.  If two separate trials were ultimately conducted, the parties' expert witnesses and fact witnesses would be

required to testify twice and counsel for the parties would be required to try many of the same

issues twice.  Furthermore, conducting two separate trials may raise issues concerning the

application of res judicata and may result in inconsistent verdicts.  Accordingly, the Court finds

that it is in the public's interest to grant a stay pending resolution of Defendants' appeals.

### E.  Ron Davis's Health Concerns

As an additional reason in support of their motions to stay, the defendants point to Ron

Davis's recent medical diagnosis which will involve a course of treatment in Nashville,

Tennessee.  The Defendants state that it will be at least four months until he concludes treatment.

Understandably, Ron Davis wishes to fully participate in the proceedings.   As to proceedings at

which Ron Davis's presence is required or helpful, the Court is confident that the parties will be

able to work diligently to accommodate his schedule.

### CONCLUSION

Balancing all of the factors, the Courts finds that the scale slightly tips in favor of

granting Defendants' motions for a stay.  The Court is disinclined to conduct two separate trials

on the individual and the class claims.  Any  trial would likely not occur until after the

defendants' petition for leave to appeal is denied, or, if it is granted, until after the appeal has

concluded.  For this reason, and because discovery is substantially complete, any benefits in

proceeding only with the individual claims at this time would be slight while the burdens and

difficulties of doing so would be great.  Thus, the Court will grant the defendants' motions to

stay.  If the Tosh Defendants' petition for leave to appeal is denied, the Court will lift the stay

and the plaintiffs' class claims and the plaintiffs' individual claims will proceed simultaneously.

If the Tosh Defendants' petition is granted, the stay will remain in place while the appeal is

pending.  Accordingly, the Defendants' motions to stay the proceedings (DN 292 and DN 296) are GRANTED.

IT IS HEREBY ORDERED that further proceedings in this case are STAYED until such time as the Sixth Circuit Court of Appeals declines the Tosh Defendants' appeal or decides it on the merits.

IT IS FURTHER ORDERED that the telephonic conference of the parties set for 12:00 p.m. CST on April 10, 2012 is CANCELLED.