# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CASE NO. 5:09-CV-121

TERRY POWELL, et al.                                                    PLAINTIFFS

V.

JIMMY TOSH, et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' motion for reconsideration (DN 293).

Defendants have responded (DN 309).  This matter is now ripe for adjudication.  For the

following reasons, Plaintiffs' motion is GRANTED.

## BACKGROUND

This Court granted Plaintiffs' motion for class certification on March 2, 2012, certifying

a class for all current and former residents and property owners within a 1.25 mile radius of

Defendant Ron Davis's Tosh Farms Standard Hog Barn in Marshall County, Kentucky (DN

245).  Finding that the plaintiffs incorporated their previously pled claims into their Second

Amended Complaint, the Court certified the following claims: temporary nuisance, permanent

nuisance, trespass, negligence, negligence per se, product liability, punitive damages, and civil

conspiracy.  However, the Court determined that the plaintiffs had not incorporated its battery

claims and declined to certify that claim against the defendants.  The Plaintiffs did, however,

note in their motion for class certification that they  "seek to abate the nuisance they have

experienced since Jimmy Tosh began to place his swine in these barns . . . [,] seek injunctive

relief . . . [,] seek to prevent further trespass, prevent further injury caused by the negligence of

the Tosh Defendants, and . . . to prevent further battery." DN 178 at p. 1-2. The Plaintiffs now move this Court to reconsider its exclusion of the battery claim from the claims certified.

## DISCUSSION

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiffs contend that they sufficiently requested that the battery claim be included in class certification. Specifically, the plaintiffs argue that the court erred when it failed to take into consideration the incorporation of the class action count into the batter claim at paragraph 16 of the Second Amended Complaint, and where the Plaintiffs incorporated the class action prayer for relief of the Complaint into the Second Amended Complaint at the prayer for relief. Plaintiffs further contend that, because the defendants failed to argue that the battery claim was *not* included in the plaintiffs' request for class certification, the Defendants were aware that the Plaintiffs were including the battery claim in their request for class certification.

The Court finds that, by incorporating paragraphs 1-15 of the Second Amended Complaint (which included the count seeking class certification) into paragraph 16 of the Second Amended Complaint and by expressly stating that "Plaintiffs seek . . . to prevent further battery"

in their motion for class certification, the defendants were put on notice that Plaintiffs sought certification on their battery claim.

Further, this is not a case where the certifying the battery claim would result in a class structured around claims not pled in the complaint.  In *Anderson v. U.S. Dept. of Hous. & Urban Dev't*, the Fifth Circuit vacated the district court's certification order finding that the district court certified claims not pled.  554 F.3d 525 (5th Cir. 2008).  In that case, the plaintiffs' complaint alleged that the defendants' failure to repair and re-open the public housing units violated the Fair Housing Act, the HANO lease agreements, the Louisiana Civil Code, and the U.S. Constitution.  *Id*. at 527.  After the district court dismissed some of the plaintiffs' claims, the plaintiffs moved for class certification on the remaining claims: (1) HANO and HUD's failure to affirmatively advance fair housing in violation of the FHA; (2) HANO's breach of contract and constructive eviction of the Residents; and (3) HANO and HUD's violation of the Residents' rights to due process.  *Id*.  Finding too many conflicts of interest among the class members, the district court certified a narrower class of African-American residents of public housing developments in New Orleans who were displaced as a result of Hurricane Katrina, and who received vouchers or other forms of rental assistance from the Department of Housing and Urban Development (HUD) or the Housing Authority of New Orleans (HANO), and whose rental assistance did not provide for utility assistance.  *Id*. at 527-28.  On appeal, the Fifth Circuit found that the district court court's certification improper because the complaint did not mention the voucher program or reference the defendants' conduct in administering the voucher program.  *Id*. at 528-29.   Thus, the complaint did not put the defendant on notice that they must defend the voucher program.  *Id*. at 529.

Here, in contrast, the battery claim was pled in the Plaintiffs' complaint and was based on the same course of conduct that makes up the basis of the Plaintiffs' other claims. Unlike in *Anderson*, the Tosh Defendants were put on notice of the course of conduct which they must defend. Thus, this is not a case where the Court certified a class around claims not pled. Accordingly, the defendants were put on notice of the battery claim.

## CONCLUSION

Because the Plaintiffs pled the battery claim, incorporated the class certification claim into the battery claim, and expressly included the battery claim in their motion for class certification, the Court finds that the defendants were placed on notice of the battery claim. Accordingly, the Court will GRANT Plaintiffs' motion for reconsideration (DN 293) and will include the battery claim in the class certification.