UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:09-CV-00121-TBR

TERRY POWELL, *et al.*                                                                Plaintiffs

v.

JIMMY TOSH, *et al.*                                                                 Defendants

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants'[1] joint "Objections to and Motion to Partially Strike Plaintiffs' Supplemental Fed. R. Civ. P. 26 Disclosures," (Docket No. 566), to which Plaintiffs have responded, (Docket No. 616), and Defendants have replied, (Docket No. 620). This matter is also before the Court upon Plaintiffs' "Objections to and Motion to Strike Defendants' Supplemental Disclosures of Rule 26(a) Information, (Docket Nos. 501 & 502), to which Defendants jointly have responded, (Docket Nos. 540 & 541). Pursuant to the Court's Order of March 21, 2013, (Docket No. 579), Defendants have also filed a Supplemental Brief in support of their supplemental Rule 26(a) disclosures, (Docket No. 582), to which Plaintiffs have filed a response, (Docket No. 586). These matters are now ripe for adjudication.

---

[1] For purposes of this Order, "Defendants" refers to both the Tosh Defendants (Jimmy Tosh; Tosh Farms, LLC; Tosh Farms General Partnership; Pig Palace, LLC; Shiloh Hills, LLC; Tosh Pork, LLC; and Bacon By Gosh, Inc.) and the Howell and Davis Defendants (Eric Howell, Ron Davis, and Heather Davis).

DISCUSSION

## I. Defendants' Objections to and Motion to Partially Strike Plaintiff's Supplemental Fed. R. Civ. P. 26 Disclosures (Docket No. 566)

Defendants jointly move, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), to strike the portion of Plaintiffs' supplemental Rule 26 disclosures that disclose as evidence a published report titled "Empirical Model of Odor Emission From Deep-Pit Swine Finishing Barns to Derive a Standardized Odor Emission Factor," which was authored by Günther Schauberger, *et al.* (the "Schauberger Report"). (Docket No. 566, at 2.) Defendants also jointly move to exclude any proposed discussion of the Schauberger Report by Plaintiffs' expert Eric Winegar. (Docket No. 566, at 2.) Defendants present three arguments in furtherance of their Motion, arguing that Plaintiffs' supplemental disclosure of the Schauberger Report and Winegar's proposed testimony should be stricken (1) as untimely; (2) because Winegar has not been disclosed as an air dispersion modeling expert; and (3) as unfairly prejudicial to the Defendants. (Docket No. 566, at 2-8.)

For their first argument, untimeliness, Defendants assert that the Schauberger Report and Winegar's opinions concerning its contents were not properly disclosed within the Court's deadline for Rule 26(a) disclosures and, instead, "were tendered months beyond the relevant Rule 26(a)(2) deadline for such disclosures without any justification or explanation." (Docket No. 566, at 3.) Defendants do not, however, identify for the Court the date of the Rule 26 deadline to which they refer. Upon reviewing the applicable scheduling orders in this case, the Court finds Defendants' untimeliness argument without merit.

Pursuant to the Court's Scheduling Order of July 9, 2012, Rule 26(a)(3) disclosures were due "[o]n or before February 1, 2013." (Docket No. 328, at 1.) By Order of January 11, 2013, the Court granted the parties' joint motion for extension of time, thereby extending the February 1, 2013, deadline to "the earlier of (1) twenty-one days after the Court has ruled on all outstanding Daubert and dispositive motions; or (2) February 21, 2013." (Docket No. 474.) The Court did not rule on the outstanding *Daubert* or dispositive motions until March 8, 2013 (*see* Docket Nos. 536; 537); therefore, the deadline for pretrial disclosures was extended from February 1 to February 21, 2013. Then, by Order of February 15, 2013, the Court granted the Plaintiffs' motion for a further extension of time, thereby extending the deadline for Plaintiffs' disclosures until March 4, 2013. (Docket No. 485.) The record reflects that Plaintiffs' now-contested supplemental Rule 26(a) disclosures were timely filed and served on March 4, 2013, (Docket No. 520), in accordance with the Court's Order of February 15, 2013. Thus, the Court finds Defendants' untimeliness argument without merit.

For their second argument, Defendants assert that the disclosure of the Schauberger Report and Winegar's testimony thereon should be stricken because Winegar has not been disclosed as an air dispersion modeling expert. (Docket No. 566, at 4.) The Court is similarly unpersuaded by this argument. The Court thoroughly addressed the Defendants' challenges to Winegar's proposed expert testimony in its Memorandum Opinion and Order of March 8, 2013. (Docket No. 537, at 53-63.) Plaintiffs disclaim holding Winegar as out as an expert on air dispersion modeling and explain that Winegar, an odor scientist, will testify that Defendants' expert Kirk Winges

used the wrong odor emission factors for his air dispersion modeling. (*See* Docket No. 616, at 4-5.) Therefore, the Court finds no reason to grant Defendants' Motion on this basis.

And for their third and final argument, Defendants insist that Plaintiffs' supplemental disclosure of the Schauberger Report and Winegar's proposed testimony thereon should be stricken as unfairly prejudicial. (Docket No. 566, at 6.) Because the Court finds no violation of the applicable Rule 26 deadlines, this argument is moot. Moreover, given the current posture of this litigation and the fact that the trial date has yet to be rescheduled, the Court finds no merit to Defendants' position that Plaintiffs' supplemental disclosures would be unfairly prejudicial.

For these reasons, the Court will DENY Defendants' "Objections to and Motion to Partially Strike Plaintiff's Supplemental Fed. R. Civ. P. 26 Disclosures." (Docket No. 566.)

## II.  Plaintiffs' Objections to and Motion to Strike Defendants' Supplemental Disclosures of Rule 26(a) Information (Docket No. 502)

Defendants served their respective supplemental Rule 26(a) disclosures on February 12, 2013. Plaintiffs thereafter filed their Objections, (Docket No. 501), and Motion to Strike, (Docket No. 502), on February 26, 2013. The Defendants' supplemental disclosures were discussed before the Court at an in-person conference held in Louisville, Kentucky, on March 18, 2013. On March 21, the Court entered an Order that, among other things, required supplemental briefing on the Defendants' supplemental disclosures. (Docket No. 579.) In that Order, the Court directed Defendants to file a supplemental brief (1) identifying the individual witnesses whom Defendants plan to call at trial; (2) providing a summary of the testimony to be offered

by each witness; and (3) providing an itemization of the exact exhibits Defendants plan to introduce at trial relative to their supplemental disclosures. Defendants submitted their Supplemental Brief on March 28, 2013, identifying approximately 50 potential witnesses and 16 exhibits. (Docket No. 582.) Defendants divided these potential witnesses into four categories: (1) 25 individuals who will not be called at trial unless needed for rebuttal; (2) 11 individuals who were deposed, disclosed through prior Rule 26 disclosures, and who will be called at trial; (3) 2 individuals who were disclosed as part of Defendants' prior Rule 26 disclosures and who will be called at trial; and (4) 8 individuals who were identified or made known during the discovery process and who will be called at trial. (Docket No. 582.)

Plaintiffs then submitted their response to Defendants' supplemental briefing, raising specific objections to approximately 10 of the individuals identified. (Docket No. 586.) Of Defendants' first category of witnesses—those who will not be called at trial unless needed for rebuttal—Plaintiffs object to the testimony of one potential witness, Danny Ham, on grounds that Ham's testimony constitutes impermissible expert testimony and/or is not relevant. (Docket No. 586, at 3.) Plaintiffs state no objections to the 11 individuals in Defendants' second category, all of who have been deposed in this matter. (Docket No. 586, at 3.) In regard to Defendants' third category of witnesses—those disclosed through prior Rule 26 disclosures—Plaintiffs object to the testimony of one potential witness, Peter Goodman, on grounds of relevance. (Docket No. 586, at 3-4.) Finally, as to Defendants' fourth category of witnesses—those either identified or made known through discovery—Plaintiffs object to the testimony of 8

potential witnesses[2] on various grounds. (Docket No. 586, at 5-9.) Those 8 include Tony Henson, on grounds that Henson's testimony constitutes impermissible expert testimony and/or is not relevant; Jory Becker, on grounds of relevance; Vince Priddle, on grounds that Priddle's testimony constitutes impermissible expert testimony and/or is not relevant; Warren Beeler, on grounds that Beeler's testimony constitutes impermissible expert testimony and/or is not relevant; Christie Willoughby,[3] on grounds that Willoughby's testimony constitutes impermissible expert testimony; and Alonna Tosh, James Tosh, and Jonathan Tosh, collectively on grounds that these individuals' testimony, though relevant, would be cumulative and unnecessarily duplicative. (Docket No. 586, at 5-9.) Additionally, Plaintiffs object to the first 13 exhibits identified by the Defendants on grounds of relevance and to the photograph exhibits identified by the Defendants on grounds of relevance, hearsay, and because those photographs would be cumulative and unnecessarily duplicative. (Docket No. 586, at 10.)

Keeping in mind that Plaintiffs' underlying Objections and Motion to Strike challenge the Defendants' supplemental disclosures as untimely and prejudicial, together with the fact that this matter has yet to be rescheduled for trial, the Court finds Plaintiffs' objections unpersuasive. The Court finds no reason to strike Defendants' supplemental disclosures on the basis of untimeliness. The Court notes Plaintiffs' specific objections to witnesses and exhibits identified in Defendants' supplemental

---

[2] Plaintiffs also identify a ninth individual, Anna Usrey, stating that "Ms. Usrey has also chosen to opt-out of the class. Plaintiffs maintain that if Defendants seek to call those who have opted out of the class, then Plaintiffs should have the right to call any and all class members." (Docket No. 586.) Plaintiffs raise no further objection to Usrey.

[3] Similar to Anna Usrey, discussed *supra* note 2, Plaintiffs also note that Willoughby was an opt out and state that "if Defendants seek to call those who have opted out of the class, then Plaintiffs should have the right to call any and all class members." (Docket No. 586, at 8-9.)

disclosures; however, the admissibility of these witnesses and exhibits, at least on the grounds raised by Plaintiffs, is not presently before the Court. When the Court directed Defendants to file a supplemental brief and Plaintiffs to file a response thereto, the Court specifically prohibited Defendants from filing a reply. (*See* Docket No. 579, at ¶ 7.) Thus, Defendants have not had a full and fair opportunity to respond to Plaintiffs' objections, and these matters of admissibility have not been fully briefed or argued before the Court. Furthermore, the Court finds that many of these objections appropriately may be raised and addressed at a later date or during trial. Accordingly, at this juncture, the Court will decline to rule on Plaintiffs' specific objections to the witnesses and exhibits identified in their response to Defendants' supplemental briefing.

For the above reasons, the Court will OVERRULE the Plaintiffs' Objections, (Docket No. 501), and DENY their Motion to Strike, (Docket No. 502).

## CONCLUSION

Having considered the parties respective arguments, and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED as follows:

(1) Defendants' "Objections to and Motion to Partially Strike Plaintiff's Supplemental Fed. R. Civ. P. 26 Disclosures," (Docket No. 566), is DENIED;

(2) Plaintiffs' "Objections to and Motion to Strike Defendants' Supplemental Disclosures of Rule 26(a) Information," (Docket Nos. 501 & 502), are OVERRULED and DENIED.

IT IS SO ORDERED.

Date:

cc:     Counsel